

A CERTIFIED TRUE COPY

NOV - 1 2004

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
11-3-04
Date

RELEASED FOR PUBLICATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2004

FILED
CLERK'S OFFICE

## DOCKET NO. 1626

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ACCUTANE PRODUCTS LIABILITY LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation currently consists of seven actions listed on the attached Schedule A and pending in three districts as follows: three actions each in the Middle District of Florida and the Eastern District of Texas, and one action in the Southern District of Indiana.[1] The plaintiff in one of the Middle District of Florida actions moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Middle District of Florida. Plaintiffs in the other six actions subject to the motion, along with the plaintiff in a Northern District of Texas potential tag-along action, also support centralization in the Florida district. Affiliated defendants Hoffmann-La Roche Inc., Roche Laboratories, F. Hoffmann-La Roche Ltd., and Roche Holding Ltd. (collectively, Hoffmann-La Roche) oppose 1407 transfer. If the Panel were to order centralization over their objection, then these defendants would favor i) centralizing the three Eastern District of Texas actions, the Section 1407 movant's Middle District of Florida action, and the Southern District of Indiana action in the Southern District of Indiana, and ii) allowing the other two Middle District of Florida actions to remain in their Florida district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions before the Panel are brought against Hoffmann-LaRoche defendants by persons allegedly injured by Accutane, a drug approved for the treatment of severe recalcitrant nodular acne. The actions in this docket thus present complex common questions of fact concerning, inter alia, i) the development, testing, manufacturing and marketing of Accutane, and ii) defendants' knowledge concerning the drug's possible adverse effects. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery,

---

[1] The Panel has been notified of additional related actions pending in the Eastern District of California, the Eastern District of Louisiana, the Northern and Southern Districts of Texas, and the Eastern District of Wisconsin. In light of the Panel's disposition of this docket, these and any further identified related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Responding defendants have suggested that if the Panel were to order centralization in this docket, only the five constituent actions involving allegations of bowel disease caused by Accutane should be centralized, with the two Florida actions involving allegations of psychiatric injuries excluded from transfer. We are not persuaded that this division is appropriate. We point out that transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Questions relating to Accutane's development, testing and marketing are likely to be common to all actions, regardless of the nature of the injuries alleged to have been caused by the drug. Transfer under Section 1407 will thus permit all actions to proceed before a single transferee judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in other MDL-1626 actions. The transferee court remains free, of course, to formulate a pretrial program that allows any "malady specific" or otherwise non-common discovery to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

In concluding that the Middle District of Florida is an appropriate forum for this docket, we note that the Florida district i) is equipped with the resources that this docket is likely to require, and ii) is where three of the seven MDL-1626 constituent actions are already pending before a judge who has developed a familiarity with the issues in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Florida are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable James S. Moody, Jr., for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1626 -- In re Accutane Products Liability Litigation

### Middle District of Florida

*Julia Bishop, et al. v. Hoffman-La Roche, Inc., et al.*, C.A. No. 8:02-1533
*Justin Rand v. Hoffman-La Roche, Inc., et al.*, C.A. No. 8:03-1729
*Caroline Bencz, etc. v. Hoffman-La Roche, Inc., et al.*, C.A. No. 8:03-2080

### Southern District of Indiana

*Caleb Robert McClain, et al. v. Hoffman-La Roche, Inc., et al.*, C.A. No. 1:02-944

### Eastern District of Texas

*Jessica A. Hodges, et al. v. Hoffman-La Roche, Inc., et al.*, C.A. No. 5:04-57
*Garrett Stephens, et al. v. Hoffman-La Roche, Inc., et al.*, C.A. No. 5:04-58
*Keith Hubbard, et al. v. Hoffman-La Roche, Inc., et al.*, C.A. No. 5:04-59