**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


IN RE:                                                        MDL No. 1626

**ACCUTANE PRODUCTS**                          Case No. 8:04-md-2523-T-30TBM
**LIABILITY LITIGATION**
_____/


## AMENDED REPORT AND RECOMMENDATION

THIS MATTER was previously before the court on referral by the Honorable James S. Moody for a Report and Recommendation on **Plaintiffs' Steering Committee Memorandum in Support of PSC's Proposed Case Management Plan** (Doc. 50) and **Defendants' Motion for Entry of Case Management Order** (Doc. 52) and **Memorandum in Support** (Doc. 53). A hearing on the parties' proposed case management plans was conducted on May 19, 2005. A Report and Recommendation was entered on June 1, 2005. (Doc. 66).

Thereafter, Defendants filed a **Request for Clarification/Modification Regarding Report and Recommendation** (Doc. 71) and Plaintiffs filed **Objections to Magistrate's Report and Recommendation** (Doc. 69). On June 21, 2005, the district court ruled that all but one of the Plaintiffs' objections appeared to be requests for clarification which should be presented to the magistrate for resolution. (Doc. 76). A hearing on the parties' requests for clarification was conducted on July 6, 2005. For the reasons set forth below, the parties' requests for clarification (Docs. 69, 71) are GRANTED in part and DENIED in part, and it is RECOMMENDED that the following Case Management Report be entered.

## CASE MANAGEMENT ORDER

This Order shall apply to all cases currently a part of MDL 1626, as well as all cases subsequently filed in, removed to, or transferred to this court as part of MDL 1626.  In cases subsequently filed in this district, a copy of this Order shall be provided by the Clerk to each plaintiff at the time of filing of the complaint.  In cases subsequently removed or transferred to this court, a copy of this Order shall be provided by the Clerk to each new party upon removal or transfer.  This Order also vacates any prior case management or scheduling order issued by a federal court prior to the transfer of a case to MDL 1626.  The local rules of a federal transferor court will not be binding on the parties once a case has been transferred to this MDL, so long as the case remains before this transferee court.

## I.     DESIGNATION OF COUNSEL

**A.     Plaintiffs.**  Plaintiffs have designated Michael D. Hook and Paul L. Smith as co-lead counsel, Donald Buckler as liaison counsel, and Michael Ryan and Tim O'Brien as co-chairs to address discovery matters.  See (Doc. 23).  The responsibilities of each designated group is set forth in Plaintiffs' Motion for Approval of Plaintiffs' Organizational Structure (Doc. 23), which the court approved (Doc. 29).

**B.     Defendants.**  The Defendants have designated Edward A. Moss and Bonnie L. Gallivan as liaison counsel.[1]  See (Doc. 53, Exh. A at 8).  The court hereby approves these designations.  The responsibilities of Defendants' liaison counsel shall be as set forth in their proposed order.  See id. at 8-9.  Within fifteen (15) days from the date of this Order,

---

[1]Defendants designate Mr. Moss for the psychiatric track cases and Ms. Gallivan for the irritable bowel disease track cases.

Defendants shall designate and submit for court approval the person(s) who will have specific knowledge and the ability to discuss discovery issues in meaningful detail, as well as lead counsel if different from the discovery or liaison designees.  Responsibilities assigned each group shall be included in the submission.  To the extent that any non-Hoffmann-La Roche defendants become involved in this litigation, they shall propose appropriate counsel for designation.

II.     **STATUS CONFERENCES AND MOTION PRACTICE**

     **A.     Status Conferences.**  Status conferences shall be scheduled regularly every sixty (60) days by the magistrate judge or as otherwise calendared by the district judge.  The next such conference shall be conducted on <u>September 7, 2005, at 10:00 a.m.</u>, at the United States District Court, Sam M. Gibbons United States Courthouse, Courtroom 12B, 801 N. Florida Avenue, Tampa, Florida.  At least two (2) business days prior to each status conference, liaison or co-lead counsel shall submit a joint agenda or status report to the court, not to exceed ten (10) pages.  In the event agreement cannot be reached on a joint agenda or status report, each side shall submit a separate agenda or report to the court, not to exceed five (5) pages, within the same time period.  Except as otherwise provided herein, and to accommodate the schedules of the court and parties, oral argument or hearings on any motion will be scheduled to coincide with scheduled status conferences.  Counsel may attend and participate in status conferences, oral arguments and hearings by telephone at the court's discretion by prior arrangement with the court's chambers.  Any hearing or oral argument deemed necessary by the court on motions that require a ruling on an expedited basis will be

scheduled to permit notice of at least two (2) business days.  If circumstances warrant, the court may shorten the notice period.

   **B.**  **Motions.**  Motion practice shall be governed by the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida except as otherwise provided herein or in any subsequent Case Management Order.  Except for unusual circumstances as determined by the court, or when a ruling is required on an expedited basis, discovery motions shall not be brought for hearing at any time other than a regularly scheduled status conference.  In those cases transferred or removed to this MDL subsequent to the entry of this Order, it shall be the responsibility of counsel in such cases to notify the court of any pending motions requiring the court's attention.

   **C.**  **Notices and Orders**.  Court notices and orders entered in MDL 1626 are transmitted electronically to all counsel who have registered to receive service in accordance with the court's Practice and Procedure Orders.  Nonetheless, liaison counsel are responsible to serve as the recipient for all court orders and notices and to assure that copies of such are timely transmitted to the parties in the liaison group.  So that liaison counsel may be kept apprised of proceedings in the individual cases comprising the MDL, within ten (10) days of the date of this Order, liaison counsel shall enter a limited appearance in each of the individual cases for purposes of receiving notices and court orders in those proceedings.

### III.    MALADY-SPECIFIC TRACKS AND CASE MANAGEMENT DEADLINES

To allow this action to proceed in a manageable and efficient fashion, all actions brought under this MDL shall be designated to malady-specific tracks, namely, the Psychiatric Track or the Inflammatory Bowel Disease (hereinafter "IBD") Track.

**A.    Psychiatric Track.**    This track shall include all actions brought by or on behalf of individuals alleging that their use of Accutane caused them to experience primarily psychiatric side effects.  As of this time, this track includes Bishop v. Hoffmann-La Roche, et al., Case No. 8:02-cv-1533-T-30TBM; Bencz v. Hoffmann-La Roche, et al., Case No. 8:03-cv-2080-T-30TBM; and Stupak v. Hoffmann-La Roche, et al., Case No. 8:05-cv-926-T-30TBM.  The schedule for this track, which is based on the district court's January 31, 2005, Third Amended Case Management and Scheduling Order in the Bishop case, is as follows:

| | |
|---|---|
| Close of fact discovery: | November 30, 2005 |
| Plaintiffs' expert disclosure: | December 30, 2005 |
| Defendants' expert disclosure: | January 31, 2006 |
| Expert discovery deadline: | February 28, 2006 |
| Dispositive motions deadline: | April 28, 2006 |
| Mediation deadline: | June 15, 2006 |

Additionally, a Daubert hearing has been scheduled for March 30, 2006.[2]  The deadline for filing Daubert motions is March 2, 2006.  These deadlines shall not be extended except upon a showing of extraordinary circumstances.

**B.    IBD Track.**    This track shall include all actions brought by or on behalf of individuals who have filed complaints which include allegations that their use of Accutane primarily caused them injuries such as IBD.  As of this time, this track includes Rand v. Hoffmann-La Roche, Inc., et al., Case No. 8:03-cv-1729-T-30TBM; McClain v. Hoffmann-La

---

[2]In Bishop, the pretrial conference is set for July 11, 2006, at 9:00 a.m., and the jury trial is scheduled to commence during the July 31, 2006, trial term.

Roche, Inc., et al., Case No. 8:04-cv-2614-T-30TBM; Locke v. Hoffmann-La Roche, Inc., et al., Case No. 8:04-cv-2641-T-30TBM; Hubbard v. Hoffmann-La Roche, Inc., et al., Case No. 8:04-cv-2642-T-30TBM; Stephens v. Hoffmann-La Roche, Inc., et al., Case No. 8:04-cv-2643-T-30TBM; Perronne v. Hoffmann-La Roche, Inc., et al., Case No. 8:04-cv-2766-T-30TBM; St. Pierre v. Hoffmann-La Roche, Inc., et al., Case No. 8:04-cv-2767-T-30TBM; Baril v. Hoffmann-La Roche, Inc., et al., Case No. 8:04-cv-2768-T-30TBM; Palmer v. Hoffmann-La Roche, Inc., et al., Case No. 8:04-cv-2769-T-30TBM; Joachim v. Hoffmann-La Roche, Inc., et al., Case No. 8:05-cv-317-T-30TBM; Wade v. Hoffmann-La Roche, Inc., et al., Case No. 8:05-cv-350-T-30TBM (also alleging bone/musculoskeletal/kidney injuries); Leisner v. Hoffmann-La Roche, Inc., et al., Case No. 8:05-cv-356-T-30TBM; and Temple v. Hoffmann-La Roche, Inc., et al., Case No. 8:05-cv-370-T-30TBM. The schedule for this track, which is based on the district court's January 31, 2005, Second Amended Case Management and Scheduling Order in the Rand case, is as follows:

| | |
|---|---|
| Close of fact discovery: | February 24, 2006 |
| Plaintiffs' expert disclosure: | March 24, 2006 |
| Defendants' expert disclosure: | April 21, 2006 |
| Expert discovery deadline: | May 22, 2006 |
| Dispositive motions deadline: | July 21, 2006 |
| Mediation deadline: | September 8, 2006 |

Additionally, a Daubert hearing has been scheduled for June 30, 2006.[3] The deadline for filing Daubert motions is June 2, 2006. These deadlines shall not be extended except upon a showing of extraordinary circumstances.

     **C.**    **Other Maladies.**  In the event that cases alleging other primary maladies are transferred or removed to this MDL, the court will confer with the parties and set a separate

---

    [3]In Rand, the pretrial conference is set for October 6, 2006, at 9:00 a.m., and the jury trial is scheduled to commence during the November 6, 2006, trial term.

schedule for such cases.  Lead counsel for the parties are expected to identify these cases as they are transferred to the MDL.

     **D.**     **Subsequently Filed Cases.**  In the event that additional psychiatric or IBD cases are transferred or removed to this MDL after the date of this Order, such cases shall proceed according to the schedule set forth herein for the applicable track unless otherwise ordered by the court upon motion by counsel made within thirty (30) days of the date of transfer to the MDL.

## IV.     DISCOVERY – GENERALLY

     **A.**     **Compliance with Rules.**  Except as expressly set forth herein, and absent an agreement of the parties under Fed. R. Civ. P. 29 or an order of the court to the contrary, all discovery shall be conducted in accordance with and comply with the provisions of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

     **B.**     **Cooperation.**  This court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious conduct of this litigation.  Absent more, the communication of information among and between Plaintiffs' counsel and Defendants' counsel shall not be deemed a waiver of attorney-client privilege or the protection afforded attorney's work-product, and cooperative efforts contemplated above shall not in any way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff.  Nothing contained in this paragraph shall be construed to limit the rights of any party or counsel to assert the attorney-client or joint defense privilege or the attorney work-product doctrine, or the waiver of such in

7

appropriate circumstances.  In sum, counsel are expected to be candid and courteous with each other at all times and to cooperate fully with all individuals connected with this litigation.

   **C.**  **Attempts to Resolve Disputes**.  To avoid unnecessary litigation concerning discovery disputes, counsel are directed to confer before contacting the court.  If discovery disputes arise which the parties cannot resolve on their own and which require resolution before the next regularly scheduled meeting with the court, the parties shall contact the chambers of the magistrate judge by telephone.  The magistrate judge, at his discretion, will then either: (1) schedule an additional meeting with lead or liaison counsel; (2) conduct a telephonic conference call with lead or liaison counsel; or (3) invite written submissions from the parties explaining the dispute.

   **D.**  **Coordination of Discovery with Other Courts.**  It is desirable, to the maximum extent possible, to avoid duplication of discovery proceedings.  Counsel in this MDL shall take all reasonable and necessary steps to coordinate discovery and related proceedings with the discovery and related proceedings in cases pending in state courts so as to avoid unnecessary duplication.  Documents produced by the Defendants in Accutane-related litigation in state courts once available to Plaintiffs' counsel need not be reproduced in the MDL proceedings except upon order of the court.  Liaison counsel or their designees shall confer with their counterparts in related proceedings to accomplish coordination without unnecessary duplication of effort or undue burden.  Upon agreement of the parties and where possible, this court will coordinate its discovery rulings with those state courts in which similar Accutane cases are pending.

**E.**     **Service of Discovery Upon Liaison Counsel**.  For discovery generated after the date of this Order, service of discovery upon liaison counsel shall constitute sufficient service.

## V.     WRITTEN AND ELECTRONIC DISCOVERY

**A.**     **Protective Order.**  By Order dated February 7, 2005, the district court ruled that the outstanding protective order entered in <u>Bishop v. Hoffmann-La Roche, Inc., et al.</u>, Case No. 8:02-cv-1533-T-30TBM, shall remain in effect for these MDL proceedings.  <u>See</u> (Doc. 31).  All references to "<u>Bishop</u> Counsel" in the above-referenced Protective Order shall be construed as "Plaintiffs' Counsel" for purposes of this MDL.

**B.**     **Inadvertent Disclosures.**  The inadvertent production or disclosure of any privileged, confidential, or otherwise protected document shall not be deemed a general waiver of privilege, confidentiality or work-product protection as to the document inadvertently produced or disclosed.  In the event of inadvertent disclosure of any document, promptly upon discovery of such inadvertent disclosure, the producing party may notify any party receiving the document that production was inadvertent and that the producing party intends to move the court for a protective order with respect thereto.  Upon receipt of such notification, the receiving party shall treat the document as confidential and shall not disclose the document to any other person or use the document for any purpose in this litigation pending further order of the court.  Upon finding that the document is privileged, confidential, or otherwise protected and that its production was inadvertent, the court may direct the return of the document and all copies thereof to the producing party, preclude the use of the document and any information contained therein for any purpose in this litigation, or order

such other relief as the court deems necessary and appropriate.  Before making application to

the court for such relief, the producing party shall confer with the receiving party in an

attempt to resolve informally any dispute regarding the inadvertent production.

C.      **Failure to Disclose.**  A party's failure to either produce or identify as withheld

(pursuant to privilege) a relevant document or computerized data will be viewed by the court

as a serious infraction of its orders, justifying appropriate sanctions unless exceptional

circumstances justify the failure.  Upon learning that there are additional relevant documents

that have not been produced or identified, a party shall promptly make known the existence of

the documents, including the reason for the failure to produce or identify the documents.  The

party shall also submit the documents to the opposing party, or if withheld under a claim of

privilege or protection, so identify the documents.

D.      **Preservation of Evidence**.  Each party and its respective officers, agents,

servants, employees, subsidiaries and attorneys shall preserve all devices, tangible things,

documents, computerized data, communications and all other records relevant to the claims

and defenses in this MDL.  Preservation includes the obligation not to alter any such thing as

to its form, content, or manner of filing.  Each party shall notify, in writing and/or

electronically, its respective officers, agents, servants, employees, subsidiaries and attorneys

of their obligation to preserve such devices, tangible things, documents, computerized data,

and other records in accordance with this Order.

Before any devices, tangible things, documents, computerized data, communications

or other records which are reasonably calculated to lead to admissible evidence are destroyed,

altered, deleted or erased, counsel shall confer to resolve questions as to whether the

10

information should be preserved.  If counsel are unable to agree, any party may apply to the court for relief from this Order upon reasonable notice.[4]

Any device, tangible thing, document, computerized data, communication, and other record described or referred to in any discovery request or response made during this litigation shall, from the time of the request or response, be treated for purposes of this Order as containing potentially relevant information, unless and until the court rules such information is irrelevant.

"Document" shall mean any writing, drawing, film, videotape, chart, photograph, phonograph, record, tape recording, retrievable data (whether carded, taped, coded, electrostatically or electromagnetically recorded, or otherwise), including computerized data or other data compilation from which information can be obtained, including but not limited to notices, memoranda, diaries, minutes, purchase records, purchase invoices, market data, correspondence, emails, computer storage media, books, journals, ledgers, statements, reports, invoices, bills, vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks, diagrams, drafts, recordings, instructions, lists, logs, orders, recitals, transcripts, telegram messages, telephone bills and logs, resumes, summaries, compilations, computations, research material and other formal and informal writings or tangible preservations of information.

_____

[4]The Defendants have routine business practices for recycling disaster-recovery back-up media.  As represented to the court, back-up media for e-mail communications in the United States are recycled every thirty-one days, and e-mail communications and file server data overseas are recycled every four weeks.  File server back-up in the United States is recycled every 403 days.  At this late date, the likelihood of the parties needing to search the current back-up media for relevant and discoverable material appears slight, especially in regard to the back-up media for the file servers.  Upon a cost-benefit analysis, it appears inappropriate to require the Defendants to undergo the expense of preserving the current back-up media and the court declines to do so as part of the CMO.  Should the trial judge disagree, the parties should be directed to confer to agree on a storage system for preserving current back-up media that reasonably accommodates the concerns of both parties.

E.    **Document Depositories**.  To the extent the parties construct a document depository, the parties are to bear their own expenses of establishing and maintaining their respective depositories, without prejudice to seek these costs from the opposing party at an appropriate time.  In addition, reimbursement of certain expenses may be obtained by imposing user fees.  These fees, however, will be kept to the minimum necessary to fund the costs of the depository incurred by reason of this litigation.

For the Plaintiffs, a document depository has been established at Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman & McKee, located at 700 Southeast 3rd Avenue, Suite 100, Fort Lauderdale, FL  33316.

F.    **Manner of Production and Identification System.**  The parties shall label each document produced after the date of this Order with a unique identifier that numbers the pages produced and identifies the producing party (using a letter or serious of letters as a prefix).  For the Defendants, from the date of this Order forward, they shall produce documents with appropriate Bates numbering or labeling that includes an alpha prefix identifying the corporate or other source of the document produced and a file or department locator indicating where the document came.  Thus, if the document came from the Nutley office and the file of the marketing department, the alpha prefix shall contain a code which will reveal to the court and the Plaintiffs this information (e.g. HLR-Nutl-MKTG 0000001).  All reasonable efforts should be made to avoid having the same page assigned more than one identifier except when there is a need to account for different copies of the same document or page, for example, because of special notations being placed on the document.  Unless otherwise agreed by the parties, Defendants shall produce all responsive documents in the

12

format in which they are usually maintained, whether in hard copy format or electronic format.

Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible.  To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying.

Document production shall be made on a rolling basis, with documents being produced at regular intervals as they become available for production.

**G.**    **Document Inventories**.  From the date of this Order forward, each production of documents shall be accompanied by an index generally describing the documents produced.  At a minimum, the index shall reasonably describe, given the time and expense constraints and the volume of documents to be inventoried, the contents of each production, and identify the discovery request(s) to which it responds.

**H.**    **Redactions of Documents.**  The parties are to conduct a meaningful conference to establish guidelines for the uniform production of documents in hard copy and electronic format.  Pursuant to the court's January 28, 2005, directive, the Defendants are not to redact documents predicated upon side effect alleged.  All Accutane documents related to the science, development, testing, manufacture, marketing, distribution, safety surveillance, and governmental compliance are to be produced in unredacted form in this MDL regardless of the side effects discussed or otherwise identified in the document, and shall be therefore available for all state and federal court cases as set forth herein.

The Defendants may redact non-discoverable, confidential or privileged matters from documents or data including "other" drug information to the extent that the redacted

13

information is discussed separate and distinct from Accutane.  The response, however, shall reveal any such redaction and Defendants shall create a redaction log, similar to that of a privilege log, identifying with sufficient specificity what is being redacted and the reason therefore.

        **I.**      **Authentication**.  Documents produced by a party as part of the initial disclosure, in response to informal or formal document requests, by agreement, or by court order shall, by reason of such production, be deemed to be authentic documents under Fed. R. Evid. 901.

## VI.     SCHEDULE FOR WRITTEN DISCOVERY

        Considerable discovery has already taken place in a number of the cases comprising this MDL.  Thus, in individual cases involving alleged psychiatric injuries related to Accutane and cases alleging (broadly described) gastro-intestinal injuries related to Accutane, considerable information and documents have been produced.  The same may be said of some of the litigation pending in the state courts, and the Defendants properly rely upon this production to satisfy their production responsibilities before this court in both type of cases.  Such production may be relied upon by the Plaintiffs in the MDL and those cases subsequently transferred or removed to the MDL.  Plaintiffs' counsel shall make available to other Plaintiffs' counsel their discovery (depositions, document productions, interrogatories and responses, requests for admission and responses, etc.) conducted to date in an effort to streamline further discovery and reduce the risk of unnecessary expenditures of time and cost associated with pursuing redundant discovery.

**A.      Interrogatories, Requests for Production and Admissions**.

In cases presently before the court in this MDL, Plaintiffs' counsel shall be permitted to propound additional, non-duplicative interrogatories, document requests, and admissions directed to matters common to all the cases.  Absent further order of the court, lead counsel may propound an additional twenty-five (25) such interrogatories (including discrete subparts) and forty (40) such document requests.  Additionally, each Plaintiff presently before this court or hereinafter added to the MDL may propound up to twenty-five (25) case specific, but non-duplicative interrogatories and twenty (20) case specific, but non-duplicative requests to produce without further order of the court.  Additional written discovery of this sort may occur only upon order of the court.  There is no express limitation on Plaintiffs' requests for admissions.

Each Plaintiff whose case already has been transferred to the MDL and who has not already answered interrogatories in his or her respective case shall have thirty (30) days from receipt of the agreed upon Plaintiff Fact Sheet and Authorization for Release of Medical Records ("Fact Sheet") to complete and serve the same upon the Defendants.  Each Plaintiff whose case is transferred or removed to the MDL subsequent to the date of this Order shall have sixty (60) days from the date of transfer to complete and serve the Fact Sheet upon the Defendants.  Any documents required to be produced by such Fact Sheet shall be produced or otherwise made available for review and copying by the Defendants no later than sixty (60) days after the Plaintiff's receipt of the Fact Sheet.  The information contained in the Fact Sheet shall be verified under oath.  Each Plaintiff's response shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34.

In addition to the Fact Sheet, Defendants shall be permitted no more than fifteen (15) non-duplicative interrogatories and twenty (20) non-duplicative requests to produce as to any particular Plaintiff.  There is no express limitation on the Defendants' requests for admissions.

**B.**      **Supplementation of Responses**.  The supplementation of discovery responses pursuant to Fed. R. Civ. P. 26(e) shall be made by the parties initially sixty (60) days from the date of this Order, and every sixty (60) days thereafter as applicable.

**C.**      **Document Subpoenas to Non-Parties**.  Any party may serve subpoenas on non-parties for the production of documents without testimony, pursuant to Fed. R. Civ. P. 45. In the event that documents are produced by persons or entities who are not parties to this action when produced, the party at whose request production was made shall be responsible for identifying the documents in accordance with the terms of this Order.


**VII.**      **DEPOSITIONS**

**A.**      **Cooperation**.  Counsel are expected to cooperate with each other and all deponents and to conduct all depositions to secure the just, speedy, and economic completion the MDL proceedings.

**B.**      **Timing of Depositions and Notice**.  Notice of each deposition in the MDL shall be provided to liaison counsel.  Depositions shall be scheduled such that, whenever possible, all interested parties may receive notice of the deposition at least fourteen (14) days in advance.  Once a deposition has been scheduled, it shall not be taken off the calendar, postponed, rescheduled, or relocated without good cause, and in no event less than five (5) business days in advance of the date it is scheduled to occur, except upon agreement of the parties or by leave of court.

C.    **Cross-Notices with State Cases.**[5]   In order to avoid duplicative discovery and

to prevent the unnecessary expenditure of judicial resources and the resources of the parties,

steps should be taken to encourage counsel in related state court proceedings to coordinate

their depositions with MDL 1626 depositions.  Plaintiffs' liaison counsel shall copy all known

plaintiffs' state liaison counsel on all deposition notices filed by Plaintiffs in MDL 1626 and

invite appropriate state court counsel to cross-notice the deposition.  In the event that

Plaintiffs' counsel in this MDL also serves as counsel in a related state court proceeding or as

co-counsel or consulting counsel in any other Accutane case, such Plaintiffs' counsel shall

cross-notice all relevant depositions with these related proceedings.  Defendants' liaison

counsel may cross-notice any such depositions noticed by the Plaintiffs by timely serving a

copy of such cross-notice upon Plaintiffs' liaison counsel.  Any motion to quash or stay any

notice or cross-notice must be filed prior to the scheduled date of the cross-noticed deposition.

The filing of any such motion will not delay the cross-noticed deposition unless otherwise

agreed to by the parties or ordered by the court.  Absent grant of any such motion to quash or

stay, no party shall re-notice the deposition of any witness already deposed under the terms of

this Order unless permitted by the court for good cause shown.

If a deposition was originally noticed in this MDL, whether or not later cross-noticed

in state court proceedings, MDL counsel shall conduct the initial phase of the deposition.  If a

deposition was originally noticed in a state court proceeding and is later cross-noticed by

counsel in this MDL, the state court counsel shall conduct the initial phase of the deposition.

---

[5]At present, the court declines to address the concerns raised by Plaintiffs' counsel
arising from the present scheduling deadlines in <u>Palazzollo v. Hoffmann-La Roche, et al.</u>,
Case No. ESX-L-5498-99.  Counsel shall first address these matters with the court in New
Jersey.  Should they fail to obtain relief in that court, they may seek an exception to this
court's directives for that case upon separate motion.

In either instance, questioning by state court counsel will not be counted against the time permitted for questioning pursuant to this MDL unless the state court counsel is also counsel in this MDL.  Regardless of which counsel conducts the initial examination of the deponent, subsequent questioning shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the substance of prior testimony.  Nothing in this provision shall be construed as an injunctive or equitable order affecting state court proceedings.  Rather, this provision is intended to reflect this court's desire for voluntary state-federal coordination and the cooperation of counsel.

       **D.**    **General Considerations**.  Lead and/or liaison counsel are to confer and attempt to agree upon a comprehensive deposition schedule providing for the completion of all witness and expert witness depositions in a timely manner.  Disputes concerning the timing and scheduling of depositions may be presented to the court only as a matter of last resort, following good faith attempts to resolve such issues among the parties.

       The parties shall make every attempt to avoid repeated depositions of any witness. To the extent that a witness's deposition has already been taken in the federal litigation, it is not to be taken again except by leave of the court for good cause shown.  Any party that wishes to depose or re-depose such an individual shall be required to review the transcript of the completed deposition prior to filing any request for an additional deposition, and that party will be required to identify precise areas of questioning that they wish to pursue and to attest that such questions have not previously been addressed.  Should leave be granted, questioning shall be limited to those areas not previously addressed.

       The parties shall take into account whether a delay in scheduling would allow them to conduct a more thorough deposition with all relevant documents available and all relevant

parties present.  Parties shall not schedule any fact witness for multiple depositions or non-concurrent days of the same deposition unless they agree to such scheduling or unless good cause is shown to the court.

Parties added to this MDL subsequent to the taking of any particular deposition may conduct depositions of previously deposed witnesses only by leave of the court.  Parties shall be required to review the transcripts of the completed depositions prior to filing any request for additional deposition and identify precise areas of questioning that they wish to pursue and to attest that such questions have not been previously addressed.  With the exception of expert depositions, after November 30, 2005, subsequent parties in the Psychiatric Track may notice depositions on previously un-deposed individuals only by leave of the court.  After February 28, 2006, subsequent parties in the Psychiatric Track may notice expert depositions on previously un-deposed experts only by leave of the court.  Likewise, with the exception of expert depositions, after February 24, 2006, subsequent parties in the IBD Track may notice depositions on previously un-deposed individuals only by leave of court.  After May 22, 2006, subsequent parties in the IBD Track may notice expert depositions on previously un-deposed experts only by leave of court.  Leave shall be given upon a showing of good cause.  Whenever possible, any relevant information should be obtained through written requests, rather than by additional depositions.

E.    **Number of Depositions**.  Unless otherwise agreed to by the parties, Plaintiffs' lead counsel may notice an additional thirty (30) depositions upon oral examination and ten (10) depositions upon written questions of witnesses common to both tracks, including depositions of Defendants' employees and former employees and 30(b)(6) depositions, but excluding witnesses put forward as experts or providing expert opinions or witnesses related

19

to experts.[6]  Plaintiff's counsel may notice an additional ten (10) case specific depositions upon oral examination and Defendants' lead counsel may notice fifteen (15) case specific depositions upon oral examination in each of the cases made a part of the MDL, excluding witnesses put forward as experts or providing expert opinions or witnesses related to experts. Except for expert witnesses, no additional depositions may be conducted absent agreement of the parties or order of the court.

    **F.**    **Length Of Depositions**.  Except upon agreement of the parties or for good cause shown, the length of MDL depositions of fact witnesses will be governed by Fed. R. Civ. P. 30(d).

    **G.**    **Attendance**.  Each side shall designate not more than two attorneys to conduct the principal examination (on direct and/or cross) of the deponent.  In advance of the deposition, any attorney designated as the principal examiner shall coordinate with the other counsel whose interests they represent regarding the areas of examination and specific questions to be asked.  Counsel who will not be serving as principal examiners are encouraged to submit proposed questions or lines of questioning to the principal examiner designated to conduct the deposition on their behalf.

    In some instances, there may be sufficient divergence of positions among various parties that additional examiners may be appropriate.  In those instances, by agreement of the parties or by prior leave of the court, additional attorneys shall be permitted to pursue independent lines of questioning.  No two attorneys shall address the same questions or conduct redundant examinations.

---

[6]A witness having specialized knowledge in both the psychiatric and IBD cases may be deposed one time in each track but such shall count as only one deposition.  All reasonable efforts shall be made to avoid duplicative or cumulative questioning of any such witness.

Unless otherwise agreed by the parties, depositions may be attended only by the designated attorneys, the parties or corporate representative, the deponent, the deponent's attorney, in-house counsel, court reporters, videographers, and any person who is assisting the litigation whose presence is reasonably required by counsel.  Up to two attorneys from pending state court Accutane litigation also may attend any deposition and ask non-duplicative questions.

Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court.

**H.     Privilege.**  So that the matter may be properly preserved for review, when a privilege is claimed during depositions, the witness should nevertheless answer the questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement.

**I.     Disputes**.  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the deposition schedule, would require a rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the court by telephone.  In the first instance, the parties are directed to negotiate such disputes in good faith.  In the event agreement cannot be reached after such negotiation, any party seeking a ruling from the court shall arrange a telephone conference call with the magistrate judge's law clerk.  During such proceedings, counsel shall have the opportunity to argue to the court and the court will, whenever possible, resolve the dispute during the conference call proceedings.  Any such

conference call shall be recorded by the court reporter.  In the event the court is unavailable to

resolve disputes arising during the course of a deposition, the deposition shall nevertheless

continue to be taken as to matters not in dispute.

None of these provisions shall deny counsel or a party of any other remedy available

under the applicable rules or law.

**J.**     **Location and Procedure**.  Depositions of all witnesses shall be conducted in

accordance with the Federal Rules of Civil Procedure, giving due deference to the laws of the

locale in which the deponent resides or the deposition is conducted.  Counsel shall cooperate

in coordinating depositions so as to facilitate the greatest exchange of information and avoid

the unnecessary inconvenience to any deponent and the unreasonable expense to any party.

By agreement of the parties, depositions may also be conducted by telephone, teleconference,

or video-teleconference.

Except as otherwise agreed by the parties and the witness or ordered by the court, all

depositions of witnesses who reside within the United States shall be conducted at a location

within the deponent's county of residence or principal place of business.  Depositions of the

Plaintiffs shall be taken in the county of the Plaintiff's residence unless otherwise mutually

agreed upon.  The location of non-party depositions will be determined by agreement of the

counsel who notices the deposition and the witness or his/her or its counsel.

Depositions upon oral examination of current employees of the Defendants (or their

subsidiaries) and of Defendants' experts who reside outside the United States shall be

conducted at a location as near to the resident locale of the witness as is practical under the

circumstances.[7]  Such lay witnesses shall be compensated at the usual rate for federal court deponents and experts shall be entitled to a reasonable expert witness fee.  Plaintiffs shall initially bear any extraordinary expenses related to the travel and lodging of any deponent who must travel outside his/her country to accomplish the deposition.

The location of any depositions of former employees of the Defendants (or their subsidiaries) who reside outside the United States shall be in accordance with the provisions of the Hague Convention or other governing law absent mutual agreement of the parties and the deponent or unless otherwise ordered by the court.

No petitions to the court shall be made regarding the location of depositions except as a last resort after every good faith attempt has been made by the parties to resolve the issue.

**K.**      **Stenographic Recording**.  A certified court reporter shall stenographically record all deposition proceedings and testimony, administer the oath or affirmation to the deponent, and have the means to make available transcripts in electronic format.

**L.**      **Videotaping**.  Any deposition may be videotaped by a certified videographer at the request of and upon the notice of any party pursuant to the following terms and conditions: (1) all videotaped depositions shall be simultaneously stenographically recorded; (2) the party requesting videotaping of the deposition shall bear the expense of videotaping; (3) videotaping shall be suspended only for "off the record" discussions and breaks as stipulated by the parties in attendance, or to prevent a violation of any protective order issued

---

[7]The parties advise that provisions of the Swiss Penal Code preclude the Plaintiffs from conducting depositions in Switzerland.  If the laws of Switzerland (or any other country in which such circumstances may arise) do not allow for any exception, then such depositions shall be conducted outside of Switzerland at a location mutually convenient to all concerned. Here, in particular, counsel shall cooperate in coordinating such depositions so as to avoid unnecessary inconvenience to any deponent and unreasonable expense to any party.

by the court; (4) the operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c); (5) each witness, attorney, and other persons attending the deposition shall be identified on camera at the commencement of the deposition; thereafter, only the deponent and demonstrative materials used during the deposition will be videotaped; (6) the videotape operator(s) shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, objections are made and examination resumes, exhibits are identified, and any interruption of continuous tape-recording occurs; and (7) the videographer shall provide a copy of the videotape, on request of any party.

      **M.**    **Depositions of Expert and Expert-Related Fact Witnesses.**  Depositions of designated experts shall be scheduled promptly upon submission of expert reports as set forth in this Order.  The sponsoring parties are instructed to make such witnesses available within thirty (30) days of the submission of their respective reports, absent extraordinary circumstances.  The parties may also depose during the period reserved for depositions of expert witnesses, persons or entities whom any expert testifies he or she relied upon to form opinions, or who form any part of the foundation for any of the testimony of the expert.

      **N.**    **Documents**.  Witnesses, including Plaintiffs, subpoenaed or noticed to testify and to produce documents shall be so noticed at least thirty (30) days before the scheduled deposition.  Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents by counsel before the interrogation commences, and the parties are directed to cooperate in this regards.  Where the deponent is a party or its representative or employee, and the documents subpoenaed or noticed to be produced have

previously been produced to counsel, they need not be re-produced at the deposition by the deponent.  However, counsel noticing the deposition shall be notified of this fact in advance of the deposition so that other arrangements may be made to have necessary documents at the deposition.

     **O.**     **Exchange of Exhibits.**  Exhibits intended by examining counsel to be used during a deposition shall be identified for opposing counsel at least two (2) days prior to the deposition.[8]

                                           Respectfully submitted on this
                                         8th day of July 2005.

                                       THOMAS B. McCOUN III
                                       UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

     Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; <u>see also</u> Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record

---

     [8]Plaintiffs objected to this provision, and the district court overruled the objection. The court ruled, however, that Plaintiff may initially be permitted to used exhibits not previously disclosed prior to a deposition if such exhibits are necessary to impeach or refresh the recollection of a witness.  <u>See</u> (Doc. 76).