**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE: ACCUTANE PRODUCTS
LIABILITY,

                                      MDL 1626 - ALL CASES
                                      Case No.  8:04-md-2523-T-30TBM

_____/

## **ORDER ADOPTING AMENDED REPORT & RECOMMENDATION**

**THIS CAUSE** came on for consideration upon the Amended Report and Recommendation (the "Report") submitted by Magistrate Judge McCoun (Dkt. #82). Plaintiffs are the only party to submit objections to the Report.  After careful consideration of the Report and giving due regard to the objections presented thereto by Plaintiff's, the Court is of the opinion that the Report should be adopted, confirmed, and approved in all respects.

Plaintiffs appear to have submitted five (5) written objections to the Report.  Their first three objections are based on what they consider an "impermissible expansion of federal court jurisdiction." According to Plaintiffs, the Report effectively regulates the conduct of attorneys on Plaintiffs Steering Committee when they are participating in state court discovery proceedings by (1) including these state court depositions among the thirty (30) depositions to which they are entitled in this MDL, and (2) applying the seven-hour time rule on depositions and the exhibit notification rule to state court depositions that have been cross-noticed with depositions in this MDL.  Plaintiffs' argument is not persuasive.

Including depositions taken in Accutane related state-court proceedings into the number of depositions Plaintiff's are allotted in this MDL does not have any affect on how the state courts manage discovery proceedings in state cases. The Report's limit of thirty depositions applies only to this MDL, and the discretion to determine the number of depositions each party may conduct in a given state case remains with the state courts. As for the MDL time limit on depositions and the notice requirement for exhibits intended to be used during a deposition, these rules apply only to depositions originally noticed in this MDL, not to depositions originating in state court. The mere fact that the Report requires Plaintiffs' counsel to cross-notice such depositions with related state court proceedings does not constitute an impermissible expansion of federal court jurisdiction. The state courts may ignore or adopt these rules at their discretion.

Plaintiffs' fourth objection relates to the Magistrate's refusal to exempt from the MDL's thirty-deposition limit those depositions that will be conducted in the state case <u>Palazzolo v. Hoffman-La Roche, et al.</u>, Case No. ESX-L-5498-99 pending in the Superior Court of Essex County, New Jersey. Plaintiffs contend that these depositions will have to be conducted without adequate preparation because of an "aggressive discovery schedule" and 250,000 pages of documents recently produced by certain of the Defendants. Plaintiffs apparently believe that these depositions will not be as fruitful as they otherwise would be if they were provided more time for preparation.

Although the Magistrate refused to exempt the <u>Palazzolo</u> depositions from the thirty deposition limit of this MDL, the Magistrate did not conclude that these depositions

necessarily would be considered MDL depositions. Rather, the Magistrate directed the Plaintiffs to address the matter with the state court in New Jersey, and then seek relief with this Court in a separate motion if the state court fails to award any relief. Because Plaintiffs have not sought an extension of time to conduct the Palazzolo depositions with the state court, Plaintiffs' objection remains premature.

Plaintiffs final objection relates to the provisions of the Report that permit the Defendants to destroy electronically stored documents maintained on disaster-recovery back-up media. The Report permits the Defendants to maintain their routine business practice of periodically "recycling" these materials, unless the state court judge handling the Accutane cases in state court rules otherwise. According to Plaintiffs, "the New Jersey state court has ordered the preservation of all potentially relevant material, including computerized data," and has ruled that "the parties must meet and confer on the preservation issues and availability of date to be preserved, including the availability of backup media." Plaintiffs, therefore, request that the parties be directed to meet and confer to resolve the scope of records preservation for purposes of the MDL.

The relief requested by Plaintiffs is precisely what the Report contemplates in the case of a conflict between the state and federal courts. Plaintiffs, therefore, appear to be invoking the provisions of the Report governing the preservation of back-up media, not objecting to these provisions. Regardless, this Court agrees with Plaintiffs that the parties should be ordered to meet and confer to resolve the issues of records preservation. Such meetings shall be coordinated with the meetings directed by the New Jersey state court, and shall include

discussions as to the appropriate party to bear the expense of preserving the disaster-recovery back-up media.

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED** that:

1. The Amended Report and Recommendation of the Magistrate Judge (Dkt. #82) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. The parties are hereby **ORDERED** to meet and confer to resolve the issue of preserving the disaster-recovery back-up media in accordance with the terms of this Order.

3. The Clerk is directed to **TERMINATE** the original Report and Recommendation (Dkt. #66) of the Magistrate Judge which has been superceded by the Amended Report and Recommendation adopted herein.

**DONE** and **ORDERED** in Tampa, Florida on August 4, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-md-2523 MDL R&R Adoption.wpd