**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IN RE:

ACCUTANE PRODUCTS
LIABILITY LITIGATION,

_____/

Case No. 8:04-md-2523-T-30TBM
MDL 1626 - ALL CASES

## O R D E R

THIS MATTER is before the court on the **PSC's Expedited Ex Parte Motion to Compel Compliance with Subpoena** (Doc. 144), Emory University's response (Doc. 157), and the U.S. Defendants' response (Doc. 153). By their motion, Plaintiffs seek an Order directing Emory University to produce documents related to a study conducted by one of their experts, Dr. Douglas Bremner. At this point, the disputed issue concerns Plaintiffs' request for disclosure of "SCID questionnaires," whether in redacted form or not. Without these documents, Plaintiffs allege that Defendants will seek to strike Dr. Bremner as an expert in this MDL or otherwise because he did not produce all information from his study. Emory University initially protests that this court may not enforce the subpoena issued in the Northern District of Georgia. It resists disclosure of these documents primarily on the basis that they are subject to Georgia's psychiatrist/mental health privilege. Because the SCID questionnaires contain highly personal information within the privilege, Emory moves to protect the interests of those individuals. It also expresses concern that because of the small number of participants, redaction of the questionnaires may be insufficient to protect against discovery of the identity of the patients should the parties seek to investigate the matter. The U.S. Defendants do not object to this production. They urge, however, that Plaintiffs'

accusation that relief is necessary due to their conduct is unsupported. A hearing on this matter was conducted on November 10, 2005.

For the reasons discussed at the hearing and as set forth hereafter, Plaintiffs' motion is GRANTED. The court first finds that it has jurisdiction to rule on this matter. See 28 U.S.C. § 1407; United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc., 238 F. Supp. 2d 270, 274-75 (D.D.C. 2002) (holding that § 1407 gave MDL judge the power to enforce a subpoena duces tecum issued by a court outside of the MDL district to a non-party in that court's district); see also In re Auto. Refinishing Paint Antitrust Litig., 229 F.R.D. 482,485-86 (E.D. Pa. 2005). The statutory grant of power to a MDL judge to act as judge of any district for pretrial depositions necessarily would include, as is the case here, the power to enforce a subpoena duces tecum issued by another district court. Next, as for production, Emory University shall produce to PSC counsel the SCID questionnaires within twenty (20) days of the date of this Order. Such documents shall be redacted of personal identifiers and produced in a de-identified format consistent with the requirements set forth in the HIPAA regulations. See 45 C.F.R. §§ 164.512, 165.514. The documents shall be used solely in connection with the prosecution of the cases within the MDL and related state-court proceedings. Only the parties, their counsel and assistants, and experts having a need for such information shall be permitted to view the documents. In addition, no party or their agents shall use this information to investigate and/or identify the individuals in the SCID questionnaires. The original SCID questionnaires shall be maintained by Emory University and/or its counsel

2

pending the resolution of this MDL.  At the conclusion of this litigation, the SCID questionnaires shall be returned to Emory University.

**Done and Ordered** in Tampa, Florida, this 10th day of November 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record
Jeffrey Y. Lewis, Esq., Epstein Becker & Green, P.C., Resurgens Plaza, 945 East Paces Ferry Road, Suite 2700, Atlanta, GA 30326-1380, and by fax 404/923-9099