**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN RE:**
**ACCUTANE PRODUCTS**
**LIABILITY LITIGATION,**

_____/

Case No. 8:04-md-2523-T-30TBM
MDL 1626 - all cases

**O R D E R**

THIS MATTER is before the court on the **PSC's Motion to Compel Supplemental Discovery Related to New Psychiatric Label Change and FDA Alert Regarding Effect of Accutane on the Brain** (Doc. 106) and the U.S. Defendants' response (Doc. 115).[1] A hearing on this and other matters was conducted on November 10, 2005.

By this motion, the PSC seeks an Order compelling supplemental responses to a broad range of past or pending discovery requests as such relates to the August 12, 2005, Accutane label change and the FDA Alert issued in July 2005. Defendants respond that the material sought regarding the label change is irrelevant given the court's June 2002 cut-off for psychiatric discovery and as it may relate to subsequent remedial measures, and, in any event, the requests are moot because a partial production of documents relating to such has already been ordered by the Honorable Francine A. Schott, in the Palazzolo litigation in Essex County, New Jersey, and the Defendants are presently updating discovery responses from relevant databases. Defendants also indicate that they have contacted persons from a variety of departments who are or were associated with the label change in responding to this production. With respect to the FDA alert, Defendants respond that it was first issued in May

_____

[1]The Swiss Defendants join in this opposition. See (Doc. 121).

2005 and they had no role in issuing it, rather, it was issued based on information coming from Plaintiffs' own experts. Thus, they contend that it is unclear what information Plaintiffs seek from them and they urge the court to deny Plaintiffs' request.

Matters pertaining to this dispute were clarified further at the hearing. Based on the representations made by Defendants' counsel, Mr. Michael Imbroscio, Judge Schott ordered the Defendants to produce "the file relating to the label change." By his account, this production involved some 15,6000 pages of documents[2] and it was produced in September 2005. In addition to the documents, Mr. Imbroscio indicated that the regulatory databases were also being updated through the date of the label change. He indicated further that Defendants have gone beyond Judge Schott's order as they have contacted each individual (15 in total) involved with the FDA and gathered documents relevant to the psychiatric label change. These individuals included persons from Defendants' regulatory department, drug safety department, and marketing department who were involved in discussions with the FDA. Plaintiffs' counsel, Mr. Michael Ryan, indicated that if the Defendants have in fact performed this comprehensive sweep of the 15 individuals, then they have complied [with his instant request]. However, he is concerned that this document sweep will not capture those individuals involved in the internal scientific debate, namely, those individuals who did not have contact or communications with the FDA but were involved with the psychiatric label change.

---

[2]It appears that these include production from IND, NDA, transmissions to the FDA, some of the regulatory documents, and limited science documents.

Upon consideration, the **PSC's Motion to Compel Supplemental Discovery Related to New Psychiatric Label Change and FDA Alert Regarding Effect of Accutane on the Brain** (Doc. 106) is **DENIED**. While the PSC is correct that Defendants are duty bound by Fed. R. Civ. P. 26 (e) to seasonably supplement their prior discovery responses, on the basis of the representations by defense counsel regarding the supplemental production made to date involving the psychiatric label change and the fact that it appears undisputed that the FDA alert was based on information from Plaintiffs' expert, no further response will be required on this motion.

**Done and Ordered** in Tampa, Florida, this 21st day of November 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record