**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN RE:**  Case No. 8:04-md-2523-T-30TBM
**ACCUTANE PRODUCTS**  MDL 1626 - ALL CASES
**LIABILITY LITIGATION,**
_____/

**O R D E R**

THIS MATTER is before the court on the **PSC's Expedited Motion to Compel Emory University to Comply with MDL Subpoena** (Doc. 197).  By its motion, the PSC seeks an Order compelling Emory University to produce outstanding data and information responsive to a previously issued subpoena.[1]  It further seeks an accounting of what has been produced to date in other cases to Defendants but not the PSC and an accounting of what remains to be produced, as well as production of the items referenced in its motion after appropriate production.  The PSC requests an expedited hearing on its motion.  Emory University and the Defendants have not yet responded to the motion.

Upon consideration, the court finds that it is unnecessary to await responses to the motion.[2]  The PSC's motion (Doc. 197) is GRANTED in part and DENIED in part.  Within ten (10) days of the date of this Order, counsel for Emory University, Mr. Jeffrey Lewis, Esq.,

---

[1] The PSC specifically references (1) a log book and any data maintained showing details of the actual PET scan for the particular patients, including time, amount, and counts collected at the time, (2) notes of the research coordinator related to the scans at the time of the scans, (3) blood curve data, (4) details from the scan regarding the methodology employed for normalizing the data, (5) the statistical output files, and (6) regions of interest as drawn, either in image form or digital data which can be read with ANALYZE and saved to disc.

[2] Because the matters sought should already have been produced, the court finds there is no need for an additional hearing or responsive arguments.

shall produce to the PSC counsel all outstanding documents and information responsive to the subpoena at issue including, if such exist, documents from the six categories specifically set forth by the PSC in its instant motion.[3]  Thereafter, to the extent that any matters subject to the subpoena have not been produced by Emory University, Mr. Lewis is directed to advise the court of such and explain why production was not made.  In all other respects, the motion is denied.[4]

**Done and Ordered** in Tampa, Florida, this 8th day of December 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record
Jeffrey Y. Lewis, Esq., Epstein Becker & Green, P.C., Resurgens Plaza, 945 East Paces Ferry Road, Suite 2700, Atlanta, GA 30326-1380, and by fax 404/923-9099

---

[3] As previously directed, the documents in this production shall be redacted of personal identifiers and produced in a de-identified format consistent with the requirements set forth in the HIPAA regulations, see 45 C.F.R. §§ 164.512, 165.514, and used solely in connection with the prosecution of the cases within the MDL and related state-court proceedings.  Only the parties, their counsel and assistants, and experts having a need for such information shall be permitted to view the documents.  At the conclusion of this litigation, the documents shall be returned to Emory University.

[4] Mr. Lewis and his firm seek permission to withdraw from further representation of Emory University before this court.  The court will undertake to address the motion as soon as Mr. Lewis certifies to the court that Emory has fully complied with the subject subpoena and this court's orders.