**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:

ACCUTANE PRODUCTS
LIABILITY LITIGATION,
_____/

Case No. 8:04-md-2523-T-30TBM
MDL 1626 - ALL CASES

**O R D E R**

THIS MATTER is before the court on **Motion of Dr. Susan Jick to Quash Subpoena Duces Tecum** (Doc. 249), Plaintiffs' response in opposition (Doc. 247), Dr. Jick's reply (Doc. 257), and Defendants' opposition to Plaintiffs' response (Doc. 258). Plaintiffs have also filed three Notice of Filings that include (1) Dr. Jick's motion, (2) the PSC's motion to transfer Dr. Jick's motion, (3) the docket from the U.S. district court in Massachusetts (case no. 1:06-mc-10092-MLW), (4) Dr. Jick's Affidavit, and (5) document AEP000034517-34518. (Docs. 244, 252, 255). A telephonic hearing on this matter was conducted on April 14, 2006.

By this motion (Doc. 122), Dr. Susan Jick, an epidemiologist at Boston University Medical School's Boston collaborative Drug Surveillance Program and an employee of its sister organization, Drug Research Group, Inc., seeks an Order quashing the subpoena duces tecum issued by the U.S. Court for the Middle District of Massachusetts in this MDL litigation.[1] As grounds, Dr. Jick asserts that she has had only limited involvement with Accutane, namely, she was involved in one published study six years ago concerning the

---

[1] The subpoena duces tecum commanded Dr. Jick to appear and testify at deposition on March 21, 2006, and was subsequently rescheduled for the first week of April 2006. After Dr. Jick filed her motion to quash, the Plaintiffs moved to have the motion transferred to this court. Dr. Jick did not oppose the transfer. (Doc. 244, Ex. 2).

psychiatric adverse effects allegedly associated with Accutane, and she argues the subpoena is overly broad, is likely to have a permanent chilling effect on her scientific and academic research, and seeks confidential, proprietary information that she is contractually precluded from disclosing.

The PSC urges the court to deny Dr. Jick's motion, arguing that she is a necessary fact witness with regard to her work on Accutane. According to the PSC, the doctor's paper was funded by Roche, and the timing of it and its publication were critical as the timing coincided with debate over changing the Accutane label to warn more clearly of the risk of depression and suicide. The PSC also alleges that Dr. Jick was "part of a publication strategy meant to alter the views of the FDA, physicians, and patients," and her paper was cited repeatedly by Roche as evidence there was no causal association between Accutane and psychiatric side effects. Given the broad scope of discovery, the PSC argues that Dr. Jick has failed to meet her burden of establishing that the subpoena duces tecum is unreasonable or oppressive. In their view, the categories of topics on which they seek to depose Dr. Jick, namely, her contracts with Roche and its affiliates, payments made to her, and promotional and marketing information, are relevant and are not overly broad. The PSC argues further that the facts of this case weigh in favor of allowing the discovery requested even in the face of potential academic chill. Finally, the PSC asserts that Dr. Jick's confidentiality concerns can be addressed adequately by way of the broad protective order already in place in this litigation and by the use of redacting personal information.

In reply, Dr. Jick takes issue with the PSC's characterization of her as a "paid publisher" of articles about drugs manufactured and sold by Defendants. She also refutes the

2

PSC's contention that complying with the subpoena duces tecum will not impose undue burden on herself and her research organizations. Rather, she reiterates that compliance with the subpoena would entail enormous burden and would expose her to harassment and unwarranted derision. Finally, Dr. Jick questions the timing of the subpoena in light of the PSC's failure to seek her testimony in the New Jersey Accutane case. In support of the above, Dr. Jick submits her sworn statement dated April 11, 2006.

Defendants' written submissions suggest they also object to the PSC's effort to obtain this discovery from Dr. Jick.[2] First, Defendants contend that the discovery sought is overly broad. Second, Defendants take issue with the PSC's "attempt to denigrate serious academic research simply because it reached a conclusion contrary to the PSC's financial interest." According to Defendants, the results of Dr. Jick's study have not been called into question by any subsequent study concerning Accutane and psychiatric events.

A hearing on the motion was conducted April 14, 2006. For the reasons discussed at the hearing and as set forth hereafter, Dr. Jick's motion (Doc. 249) is GRANTED in part.[3]

---

[2] At the hearing counsel indicated no objection to the Plaintiffs having access to the databases requested by category 9 of the subpoena duces tecum.

[3] To the extent that this court's jurisdiction is at issue, the court finds that it has jurisdiction to rule on this matter. See 28 U.S.C. § 1407; United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc., 238 F. Supp. 2d 270, 274-75 (D.D.C. 2002) (holding that § 1407 gave MDL judge the power to enforce a subpoena duces tecum issued by a court outside of the MDL district to a non-party in that court's district); see also In re Auto. Refinishing Paint Antitrust Litig., 229 F.R.D. 482, 485-86 (E.D. Pa. 2005). The statutory grant of power to a MDL judge to act as judge of any district for pretrial depositions necessarily would include, as is the case here, the power to enforce a subpoena duces tecum issued by another district court.

The deposition of Dr. Jick shall proceed at a time mutually convenient to the doctor and counsel. Dr. Jick shall produce such items identified in categories 1-8 and 10-13 of the subpoena duces tecum as are in her possession, custody or control for use at the deposition. Such documents shall be made available for counsel's review at least twenty-four hours prior to the deposition. The databases sought by category 9 need not be produced at this time from this witness.

**Done and Ordered** in Tampa, Florida, this 14th day of April 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record

4