UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE: ACCUTANE PRODUCTS LIABILITY LITIGATION<br><br>This document relates to all actions. | MDL Docket No. 1626<br><br>ORDER ESTABLISHING PLAINTIFFS' LITIGATION EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR COMMON BENEFIT |

It is hereby ORDERED, ADJUDGED AND DECREED that:

### A.  Set Aside for Counsel Fees and Costs in MDL 1626

1.  The Court finds that this litigation has advanced to the point that it is appropriate to establish a fair system for the sequestration of a certain percentage of all payments by defendant(s) to plaintiff(s) in fulfillment of obligations to settle claims of plaintiffs from time to time as well as to satisfy judgments that may result in some instances (all such payments hereinafter referred to as "claim payments"). The funds so sequestered are to be available to provide for reimbursement of costs and payment of attorneys' fees to the Plaintiffs' Steering Committee ("PSC") and other attorneys who have been authorized by the PSC, pursuant to the Court's Order approving Plaintiffs' Motion for Approval of Plaintiffs' Organizational Structure (Docket No.29)(entered Feb. 3, 2005), to perform work for the benefit of plaintiffs in MDL 1626 and any state-

ORDER ESTABLISHING PLAINTIFFS'
LITIGATION EXPENSE FUND (MDL Docket No.
1626) - Page 1

court counsel that agrees to be coordinated hereunder (hereinafter the "Common Benefit Attorneys"), subject to a proper showing in the future.

2. Before making any claim payment to a plaintiff whose action has been subject to coordinated pretrial proceedings in MDL 1626, defendants shall deduct from such payments an amount equal to six (6) percent for the federal court recoveries and four (4) percent for the state court coordinating case recoveries of the aggregate of the amount being paid and any amounts to be paid to the plaintiff in the future; and shall pay such sum as hereinafter provided for deposit into the MDL 1626 Fee and Cost Account. For attorney-client accounting purposes, the division shall be one-half of this is payable from fees and one-half is payable from costs on any individual case so affected. In measuring the gross amount due or to become due to any plaintiff as such claim payments, the defendant shall include the present value of any fixed and certain payments to be made in the future.

3. The requirements of paragraph 2 shall apply regardless of whether a plaintiff's case is disposed of during the time it is on the docket of the transferee court, or following remand or transfer from the transferee court to another federal district court for trial, or transfer to other district courts in accordance with 28 U.S.C. § 1404 or other provisions of law. The obligation shall follow the case to its final disposition in any United States court, including a court having jurisdiction in bankruptcy.

4.  As a condition of appointment made by this Court of any counsel to any committee, counsel deemed to have agreed to the terms of paragraph 2 for all said counsel retaining any recovery in both federal and state forums, however, recoveries in federal forums shall be subject to a six (6) percent assessment and recoveries in state forums (or unfiled cases that result in a recovery) shall only be subject to a four (4) percent assessment.

5.  State court counsel who voluntarily agree to the terms of this Order will be bound by the procedures set out in this Order.[1] Before making any claim payment to a state court plaintiff who has voluntarily agreed to coordinate by accepting the terms of this CMO, defendants shall withhold from such payments an amount equal to four (4) percent of the aggregate of the amount being paid and any amounts to be paid in the future; and shall pay such sum as herewith provided for deposit into the MDL 1626 fee and cost account. The PSC and each defendant subject to this Order shall promptly notify defendant's liaison counsel of any state court attorney who they have reason to believe is a Common Benefit Attorney.

6.  Defendants shall have primary responsibility for withholding the six percent (6%) and four percent (4%) set-off of the claim payments and tendering such sums to the MDL 1626 Fee and Cost Account. If, however, a defendant fails to do so, in addition to the Court's power generally, including the exercise of

---

[1] The proposed Agreement for state court attorneys who voluntarily agree to the use of the MDL work product is attached hereto as Exhibit "1."

ORDER ESTABLISHING PLAINTIFFS'
LITIGATION EXPENSE FUND (MDL Docket No.
1626) - Page 3

its powers to compel payment by defendant in compliance with this Order, the Court, under appropriate circumstances, can be expected to seek such payment from the plaintiff and/or his or her counsel under terms that are just and equitable.

7. The Court shall establish an insured, interest bearing escrow account to receive and disburse funds as provided in this Order. The Court will, by future Order, designate an escrow agent to manage the account. All funds in the account will be held as funds subject to the direction of the Court.

8. All payments which defendants are required to make pursuant to this Order shall be paid directly to the escrow agent. The escrow agent shall maintain detailed records which identify the plaintiffs and plaintiffs' counsel's names, current address and telephone numbers, civil action or other identifying number, amount of deposit, date of deposit, identification of the parties contributing to the amount deposited (and any allocation if more than one contribution is being made), and other information that may be required by the circumstances. All such records shall be maintained as highly confidential material and the only persons with access to such records shall be the Court, the appointed escrow agent, Plaintiffs' Co-Lead Counsel, and Defendants' Co-Lead Counsel.

9. Each party who is in any way affected by the creation of an obligation to make a claim payment is jointly and severally liable for promptly reporting to the escrow agent and the PSC the terms of any settlement or

judgment that may be subject to this Order as well as the information described in paragraph 8 so that they can monitor compliance with this Order.

10. Upon a proper showing, the Common Benefit Attorneys will be entitled to receive an award of counsel fees and reimbursement of out-of-pocket litigation expenses to be paid from the MDL 1626 Fee and Cost Account in such amounts as are determined by the Court, after a hearing, based on the appropriate and controlling law. In making such an award, the Court will first determine the amount of costs for which reimbursement is appropriate. The amount remaining in the MDL 1626 Fee and Cost Account after deducting the amount of costs awarded by the Court will be available for any award of counsel fees. In making an award of counsel fees to the Common Benefit Attorneys and in apportioning any fee award among those attorneys, appropriate consideration will be given to the experience, talent, and contribution made by each Common Benefit Attorney who seeks to recover counsel fees from the MDL 1626 Fee and Cost Account, provided, however, that the Court will only consider compensation for those services which were authorized by the PSC.

11. Any sum ordered to be paid by the Court pursuant to this Order as an award of counsel fees shall be deducted from the gross recovery that any plaintiff would have been entitled to receive. For attorney-client accounting purposes, the division shall be one-half of this is payable from fees and one-half is payable from costs on any individual case so affected. Any sum ordered to be paid by the Court pursuant to this Order as reimbursement for out-of-pocket

ORDER ESTABLISHING PLAINTIFFS'
LITIGATION EXPENSE FUND (MDL Docket No.
1626) - Page 5

costs shall be prorated among the plaintiffs whose claim payments were deposited, in part, in the MDL 1626 Fee and Cost Account.

12. Nothing in this Order will limit the amount of attorneys' fees and costs, in the form of a percentage award or otherwise, which may be awarded by the Court in the event of recovery in any action certified as a class action under Fed.R.Civ.P. 23.

13. The Court is not making the determination by this Order that the Common Benefit Attorneys shall receive any specific sum as payment of counsel fees and reimbursement of litigation expenses. Such a determination is specifically reserved for an appropriate time following petitions related to such an award. Rather, this Order is merely intending to develop a mechanism for the creation of a fund from which the amount of fees and costs which the Common Benefit Attorneys are ultimately entitled may be awarded and paid with reliability.

14. At such time as the MDL 1626 Fee and Cost Account contains balances that are not necessary to be retained for the payment of fees and costs, the Court will, upon applicable provisions of law, following a hearing, make refunds on an equitable basis, or if such balances are of small amounts, enter such orders concerning the disposition of such funds as are appropriate under the law.

SO ORDERED this _22_ day of _September_, 2006.

_____
Thomas B. McCoun III
United States Magistrate Judge

ORDER ESTABLISHING PLAINTIFFS'
LITIGATION EXPENSE FUND (MDL Docket No.
1626) - Page 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE: ACCUTANE PRODUCTS LIABILITY LITIGATION<br><br>This document relates to all actions. | MDL Docket No. 1626<br><br>AGREEMENT BETWEEN PSC AND STATE COURT ATTORNEY |

## **AGREEMENT**

This Agreement is made this _____ day of _____, 200_, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the Middle District of Florida in MDL Docket No. 1626 and **[FILL IN THE NAME OF THE FIRM EXECUTING THE AGREEMENT]** (hereinafter "the State Attorneys").

WHEREAS the United States District Court for the Middle District of Florida has appointed Counsel to serve as members of the PSC to facilitate the conduct of pretrial proceedings in the federal actions relating to the ingestion of Accutane; and

WHEREAS the PSC in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing work product which will be valuable in the litigation of state court proceedings involving Accutane induced injuries, including:

  a.   CD-ROMs and a virtual depository containing images of the key documents selected by the PSC from the document productions of the defendants and third-parties in MDL 1626;

AGREEMENT BETWEEN PSC AND STATE
COURT ATTORNEY(MDL Docket No. 1626)
Page 1

Morgan & Morgan, P.A.
101 E. Kennedy Blvd.
Suite 1790
Tampa, FL  33602-5147

b.  a bibliographic database providing a "coded" index of such key documents;

c.  the depositions of each generally applicable fact witness taken in MDL 1626 and in any coordinated state-court actions in the form of paper transcripts, text searchable computer disks and CD-ROMs and videotapes of videotaped depositions; and

d.  time-lines, casts of characters, and other work product relating to the facts at issue in MDL 1626;

which will collectively be referred to as the "PSC Work Product"; and

WHEREAS the State Attorneys are desirous of acquiring the PSC Work Product and establishing an amicable working relationship with the PSC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1.  With respect to each client who they represent in connection with a Accutane related claim, other than clients with claims filed or pending in any federal court, each of the State Attorneys shall deposit or cause to be deposited in an MDL 1626 Fee and Cost Account established by the District Court in the MDL four (4) percent of the gross amount recovered by each such client. For purposes of this Agreement, the gross amount of recovery shall include the present value of any fixed and certain payments to be made to the plaintiff or claimant in the future.

2.  The State Attorneys, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any client who they represent in connection with any Accutane induced injury, to the full extent permitted by law, in order to secure payment in

AGREEMENT BETWEEN PSC AND STATE COURT ATTORNEY(MDL Docket No. 1626)
Page 2

Morgan & Morgan, P.A.
101 E. Kennedy Blvd.
Suite 1790
Tampa, FL 33602-5147

1
2  accordance with the provisions of paragraph 1 of this Agreement. The State Attorneys
3  will undertake all actions and execute all documents which are reasonably necessary to
4  effectuate and/or perfect this lien and/or security interest.
5      3.   This Agreement shall apply to each and every claim or action arising from
6  the ingestion of Accutane in which the State Attorneys have a right to a fee recovery.
7
8                              PLAINTIFFS' STEERING COMMITTEE
                                *Morgan & Morgan, P.A.*
9
10
11                              _____
                                Donald W. Buckler
12                              Morgan & Morgan, P.A.
                                101 E. Kennedy Blvd., Suite 1790
13                              Tampa, FL 33602-5147
                                **Plaintiffs' Liaison Counsel**
14
15
16
17                              _____
                                [State Court Attorney]
18
19
20
21
22
23
24
25
26
27
28
   AGREEMENT BETWEEN PSC AND STATE              Morgan & Morgan, P.A.
   COURT ATTORNEY(MDL Docket No. 1626)          101 E Kennedy Blvd
   Page 3                                       Suite 1790
                                                Tampa, FL 33602-5147