**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                                    Case No. 8:04-md-2523-T-30TBM
                                                         MDL 1626 - ALL CASES
ACCUTANE PRODUCTS
LIABILITY LITIGATION,
_____/

**O R D E R**

THIS MATTER is before the court on the following motions:

(1)    PSC's **Motion for Clarification of the Court's May 1, 2006, Scheduling
       Order Regarding Expert Discovery** (Doc. 322) and the U.S. Defendants'
       response in opposition (Doc. 325);

(2)    **Plaintiff Laurie Stupak's Motion for Relief from Order Pursuant to
       Federal Rule of Civil Procedure 60** (Doc. 326) and the U.S. Defendants'
       response in opposition (Doc. 328); and

(3)    **Plaintiff Laurie Stupak's Concurrence in the Motion for Clarification of
       the Court's May 1, 2006, Scheduling Order Regarding Expert Discovery
       and, in the Alternative, Request for a New Federal Rule of Civil Procedure
       6(b) Extension of Time** (Doc. 37), which was filed in Stupak v. Hoffman-La
       Roche, Inc., et al., Case No. 8:05-cv-926-T-30TBM.

A telephonic hearing on these matters was conducted on October 10, 2006.

By its motion, the PSC seeks clarification of the expert discovery provisions set forth

in the Second Amended Scheduling Order dated May 1, 2006.[1]  Because the Order does not

_____

[1]There are three scheduling tracks in this case.  The Second Amended Scheduling
Order addressed the so-called psychiatric and IBD tracks.  By that Order, Plaintiffs' expert
disclosures in the psychiatric track cases were due by September 29, 2006, and Defendants'
expert disclosures are due by October 27, 2006.  The expert discovery deadline is November
30, 2006.  Plaintiff's expert disclosures in the IBD track cases are due by November 6, 2006,
with Defendants due December 4, 2006.  The expert discovery deadline is January 22, 2007.
See (Doc. 275).  Regarding cases on the third track, fact discovery closes April 23, 2007,
Plaintiffs' expert disclosures are due May 7, 2007, Defendants' expert disclosures are due
June 7, 2007, and expert discovery closes July 6, 2007.  See (Doc. 300).

distinguish between generic experts (those experts whose testimony is applicable to the issues in all cases) and case-specific or specific causation experts, the PSC seeks clarification on this point, and, if necessary, modification of the Second Amended Scheduling Order to confirm that the deadlines apply only to generic experts.[2]   The PSC contends that the purpose of consolidating and coordinating common-issue pretrial proceedings in a MDL promotes the purpose of MDLs, whereas case specific discovery does not, and it cites several MDL cases, as well as the Manual for Complex Litigation, in support of its urging that case-specific expert discovery is best conducted after remand.   Thus, the PSC urges the court to confirm that case specific experts are not subject to the discovery deadlines set forth in the Second Amended Scheduling Order and that the discovery of those experts will be deferred until after the cases are remanded to their courts of origin.

The U.S. Defendants urge the court to deny the PSC's motion.[3]   They argue that this court's prior Orders foreclose the PSC's attempt to delay expert disclosures as all prior Orders made clear that there is but one deadline for all expert discovery and have not distinguished between general and case-specific expert discovery.   Defendants also argue that the relief sought by the PSC is an amendment of the court's Second Amended Scheduling Order, not

---

[2]So-called generic experts necessary to all the cases will likely include experts on general causation, warnings, labeling, and clinical trials and the challenges to such witnesses will likely include challenges to qualifications and methodology.   Individual cases will also require expert testimony concerning specific causation, which may be offered by the same expert addressing general causation or a different witness.   Individual cases may also require economists and vocational experts or other case specific witnesses.   From arguments, it is apparent that the Defendants will raise *Daubert* challenges to the specific causation witnesses as well and perhaps other experts as well.

[3]Defendants do no object to Plaintiffs deferring their identification and production of "economic damages" experts until such time as those cases are remanded back to their originating courts.

2

clarification of such, and they urge denial on the basis that the PSC has no justification or good cause for doing so. Additionally, Defendants assert that the PSC's delay in bringing this motion is suspect given that the court's Second Amended Scheduling Order has been in place for one year and the PSC filed its motion the day before expert disclosures were due in the psychiatric track cases. Defendants concede that the matter is within the discretion of the court, but they argue that the bulk of authority supports their position, namely, that the MDL court should decide all expert issues, particularly, where as here, the number of cases pending in the MDL is relatively small and manageable.

By her motions, Ms. Stupak joins in the PSC's motion. In the event that the court disagrees with the expert disclosure interpretation urged by the PSC, Ms. Stupak separately seeks relief from the court's Second Amended Case Management Order and requests a two-week extension of time within which to file case specific expert disclosures.[4] See (Doc. 37 in Case No. 8:05-cv-926-T-30TBM).

For the same reasons set forth above, the U.S. Defendants urge the court to deny Ms. Stupak's motion(s). Additionally, they note that Ms. Stupak disclosed her case specific expert immediately after they filed their position to the PSC's motion, a fact which Defendants contends undercuts the argument that Ms. Stupak and the PSC misinterpreted the court's Order regarding expert disclosures. Finally, because Ms. Stupak has disclosed her single, case-specific expert, Defendants urge that her alternative request for an extension of time within which to disclose such is moot.

---

[4] At arguments, Plaintiff's counsel advised that expert disclosures were in fact made in Stupak. Further, it appears from arguments that expert disclosures of all experts have been made in each of the psychiatric track cases in this MDL.

Upon consideration of the pleadings and the arguments made at the hearing, the PSC's **Motion for Clarification of the Court's May 1, 2006, Scheduling Order Regarding Expert Discovery** (Doc. 322), **Plaintiff Laurie Stupak's Motion for Relief from Order Pursuant to Federal Rule of Civil Procedure 60** (Doc. 326), and **Plaintiff Laurie Stupak's Concurrence in the Motion for Clarification of the Court's May 1, 2006, Scheduling Order Regarding Expert Discovery and, in the Alternative, Request for a New Federal Rule of Civil Procedure 6(b) Extension of Time** (filed in Stupak v. Hoffman-La Roche, Inc., et al., Case No. 8:05-cv-926-T-30TBM) are **GRANTED in part and DENIED in part**.  As originally configured, the court's Scheduling Order in the MDL contemplated all expert disclosures being made in this court without exception.  Subsequent modifications of the Order did not alter this approach.  There is no compelling reason presented on these motions to alter this scheme as it relates to experts to be called on the matter of the Defendants' liability.  Thus, except as otherwise indicated, disclosures and discovery related to expert witnesses shall be made according to the existing Scheduling Orders for each track.  See (Docs. 275, 300).  Regarding the disclosures from damages experts or vocational rehabilitation experts or other such peculiarly case-specific witnesses, disclosure may be deferred until thirty (30) days after the cases are ordered returned to the originating courts or as otherwise ordered by the respective originating courts.

Regarding the deadlines established for *Daubert* motions, I see no reason why the deadlines for such motions cannot be met for all other experts.  However, upon my consideration, it appears the wiser course for the court to at least bifurcate the hearings on these motions, addressing the challenges to general causation experts and other generic

experts first and separately from the specific causation witnesses.[5]  Ruling on the course of

proceedings on the *Daubert* motions is deferred to the district judge.  I recommend that this

aspect of the motions be addressed further with the district judge after expert disclosures are

completed and the parties have a clearer understanding of who the experts will be.

      **Done and Ordered** in Tampa, Florida, this 20th day of October 2006.


THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
United States District Judge
Counsel of Record

---

[5]Issues raised by the testimony and opinions of the generic experts in these cases will dominate this litigation at the trial stages.  The Manual for Complex Litigation notes, "[w]here causation issues dominate litigation, it may be appropriate for the transferee court in an MDL proceeding to conduct a *Daubert* hearing on general causation issues, leaving specific causation issues for the transferor courts on remand," and Plaintiffs propose this approach. See Annotated Manual for Complex Litig. (Fourth) § 22.87 at 542 (2004) (citing In re Hanford Nuclear Reservation Litig., 292 F.3d 1124, 1129 (9th Cir. 2002) and Sterling v. Velsicol Chem. Corp., 855 F.2d 1188, 1200 (6th Cir. 1988)).  However, as the Defendants note, other MDL courts have chosen to handle such matters themselves and it is apparent that the court has wide discretion in how it chooses to proceed in these matters.  Given the significant costs to the parties in time and money inherent in presenting such motions, it seems to me prudent to address and resolve the generic issues first before putting any party to the additional costs of preparing and bringing in experts on any individual case whether before this court or the originating court.  This, however, is a decision which is left to the district judge.

5