UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

ACCUTANE PRODUCTS
LIABILITY LITIGATION,
_____/

Case No. 8:04-md-2523-T-30TBM
MDL 1626 - ALL CASES

**O R D E R**

THIS MATTER is before the court on the PSC's **Motion to Compel Continuation of the Deposition of George B. Abercrombie**[1] (Doc. 304) and the U.S. Defendants' response in opposition. A telephonic discovery hearing on this and other matters was conducted on September 22, 2006.

By its motion, the PSC seeks an Order compelling the continuation of Mr. Abercrombie's deposition and directing that the fees and costs associated therein be borne by the Defendants. As grounds, the PSC alleges that defense counsel unilaterally terminated Mr. Abercrombie's deposition prematurely at 5:00 p.m (the time then on the record was only five hours and fifty minutes) and the witness engaged in delay tactics and provided non-responsive and evasive responses throughout the entire deposition.

Defendants first respond that Mr. Abercrombie's deposition was ordered by Judge Higbee in New Jersey, the deposition was therefore governed by her Order, and the state court in New Jersey is the proper forum to resolve any dispute over the this deposition. Defendants also urge that the PSC's motion should be denied on its merits because Plaintiffs' counsel

---

[1] Mr. Abercrombie is the Chief Executive Officer of Defendant Hoffmann-La Roche, Inc. His deposition, which had been cross-noticed, was conducted in Newark, New Jersey on August 3, 2006. The PSC contends he is a key witness is this litigation as he has testified before Congress on the controversies surrounding Accutane.

were well aware that the deposition was limited to "one day," Plaintiffs' counsel was warned in advance of Mr. Abercrombie's scheduling limitation, i.e., 5:00 p.m, many of the delays encountered during the depositions were caused or created by Plaintiffs' counsel, and Plaintiffs' counsel engaged in harassing and irrelevant questioning throughout the deposition. In Defendants' view, the PSC's instant motion exemplifies Plaintiffs' impermissible behavior in noticing depositions in the state court litigation then seeking to invoke this court's rules. Pursuant to Fed. R. Civ. P. 37, Defendants seek attorney's fees incurred in responding to the instant motion.

The parallel motion filed by the Plaintiffs in the state court was denied by Judge Carol E. Higbee in an Order and Memorandum of Decision dated September 22, 2006. See (Doc. 320-2).

Upon consideration, in particular, the findings of Judge Higbee, the PSC's **Motion to Compel Continuation of the Deposition of George B. Abercrombie** (Doc. 304) is **DENIED.** [2]  Defendants' request for fees is likewise denied.

**Done and Ordered** in Tampa, Florida, this 24th day of October 2006.

*[signature]*
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[2] As discussed at the hearing, under the Federal Rules of Civil Procedure, a full seven hours of actual deposition time is contemplated. In the future, unless otherwise directed by this court, the full seven hours of time will be permitted on depositions cross-noticed by counsel in the MDL and counsel shall govern themselves accordingly.