UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ACCUTANE® PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | MDL DOCKET NO. 1626  ALL CASES |
| | ) | |
| | ) | 8:04-MD-2523-T-30TBM |

**U.S. DEFENDANTS' MOTION TO COMPEL**

On October 24, 2006, the Court reaffirmed that the parties in these cases are allowed "a full seven hours of *actual deposition time*" to depose adverse witnesses.  Yet less than a month after obtaining this clear guidance from the Court, Plaintiffs directly violated this rule, prematurely terminating the deposition of their expert Cheryl Blume.  Given this improper termination, the U.S. Defendants hereby move to compel additional time with Dr. Blume, at Plaintiffs' expense.

**BACKGROUND**

On August 25, 2006, Plaintiffs moved this Court to compel the further deposition of Roche CEO George Abercrombie.  Plaintiffs had originally noticed Mr. Abercrombie's deposition in New Jersey state court, using that state court notice to avoid this Court's deposition rules (including its requirements regarding the advance exchange of deposition exhibits).  In compliance with the same state court rules that Plaintiffs invoked, and to allow Mr. Abercrombie to catch an airplane to join his family, Defendants terminated Mr. Abercrombie's deposition at 5:00 pm.  Plaintiffs objected, filing motions to compel with the New Jersey Court and with this Court.  The New Jersey Court denied Plaintiffs' motion.  Relying upon that ruling, this Court likewise denied Plaintiffs' motion.

89111v1

In denying Plaintiffs' motion, this Court made clear that, "under the Federal Rules of Civil Procedure, a full seven hours of actual deposition time is contemplated." Oct. 24, 2006 Order at 2 n.2. The Court then went further. While rejecting Defendants' argument that cross-noticed depositions should be subject to this Court's rules requiring the advance exchange of exhibits, the Court nevertheless held that this Court's rules governing the length of depositions would govern even in cross-noticed depositions: "the full seven hours of time will be permitted on depositions cross-noticed by counsel in the MDL." *Id.*

On November 6, 2006, the U.S. Defendants noticed the deposition of Cheryl Blume in these cases. Cheryl Blume has been offered by Plaintiffs as an expert on various alleged deficiencies in the Accutane psychiatric labeling.

By agreement of the parties, Dr. Blume's deposition was noticed for November 17. On November 15, the U.S. Defendants re-noticed her deposition because, after initially agreeing to allow her deposition to occur in downtown Tampa, Plaintiffs' counsel subsequently refused to proceed at this location. *See* Ex. 1.

At Dr. Blume's November 17 deposition, Plaintiffs' counsel produced one box of documents, a hard drive, 13 binders, and an "errata sheet" for her October 20, 2005 deposition in the *Palazzolo* case. *See* Blume Dep. at 9:10-15, attached as Ex. 2. Some of these documents had been previously produced in connection with Dr. Blume's deposition in the *Palazzolo* case; others – including the errata sheet – had not.

The U.S. Defendants began Dr. Blume's deposition at 9:25 a.m.[1] During the day, the parties took five short breaks, including to accommodate the witness. *See id.* at 254:5-12. The parties also took a lunch break of less than an hour.

During the day, Plaintiffs' counsel defending the deposition did not announce an intention to terminate the deposition early. At around 5:00 p.m., though, Plaintiffs' counsel suddenly announced that termination was imminent. *See id.* at 396:11-12. Defense counsel objected but quickly moved on to make use of all remaining time allowed by Plaintiffs' counsel. In Plaintiffs' counsel's words, "23 minutes [of this remaining time was] dead time for her to read" the label for the generic form of Accutane. *Id.* at 421:12-13. Plaintiffs' counsel then ended the deposition, instructing Dr. Blume to leave the room. At no time had Dr. Blume indicated any need to terminate the deposition prematurely; instead, when asked if she would be leaving the room to prevent any further questioning, Plaintiffs' counsel first answered on her behalf, stating: "Yes, she is." *Id.* at 423:10-16. Dr. Blume agreed and complied with this instruction, leaving the room and effectively terminating her deposition. *Id.* at 423:16-22. At the time of termination, six hours and fourteen minutes of deposition time had been used. *Id.* at 423:23 – 424:2.

## ARGUMENT

Plaintiffs lack any justification for terminating Dr. Blume's deposition prematurely. Federal Rule of Civil Procedure 30(d)(1) grants parties at least seven hours to conduct a deposition, and Defendants had not consumed their seven hours with Dr. Blume.

---

[1] The deposition was delayed because the Court reporter and videographer were late due to a "car accident." *Id.* at 397:18. While the videographer was setting up his equipment, Defendants' examining counsel attempted to proceed with transcription only to expedite the deposition, but this did not result in any time savings.

Plaintiffs' premature termination was particularly inappropriate given that they had obtained a ruling from this Court just once month earlier that the seven-hour limit applies even in depositions that – unlike Dr. Blume's deposition – were not originally noticed in this Court. The Court's ruling could not have been more clear in specifying that parties are entitled to at least seven hours of time on the record with each witness: "a full seven hours of *actual deposition time* is contemplated." Oct. 24, 2006 Order at 2 n.2 (emphasis added).

Given this Court's clear ruling less than a month before the deposition, Plaintiffs have no justification for improperly terminating Dr. Blume's deposition prior to seven hours. Accordingly, Plaintiffs should be ordered to reproduce Dr. Blume for deposition and Plaintiffs should bear Defendants' reasonable costs and fees incurred in preparing this motion and traveling to take Dr. Blume's deposition.

The U.S. Defendants had forty-six minutes of time left at the time Plaintiffs terminated Dr. Blume's deposition. However, the U.S. Defendants seek three total hours with Dr. Blume, which they will divide with the Swiss Defendants. In addition to being justified by the unnecessary waste of time spent disputing when the deposition should end, the additional time is justified by other delay that occurred during the deposition, including from Dr. Blume's attempts to avoid direct questions. The most egregious form of this delay arose from Dr. Blume's inappropriate attempt to change earlier testimony she had given regarding the Accutane warnings at issue in the psychiatric cases.

Specifically, Dr. Blume was deposed in the *Palazzolo* case pending in New Jersey state court on October 20, 2005. That case involves allegations that the pre-1998 Accutane label inadequately warns of psychiatric risk. During her deposition in that case, as Dr. Blume explained her views regarding the alleged inadequacy of the pre-1998 label, she was shown the

4

1998 label that is at issue in these MDL cases. Dr. Blume first noted various ways in which the 1998 label corrected alleged deficiencies in the pre-1998 labeling. *See* Palazzolo Dep. at 174:17 – 176:13, attached as Ex. 3. She then unequivocally conceded that the 1998 labeling at issue in these cases adequately warns of psychiatric effects:

> Q. Dr. Blume, is it your opinion in this case that the labeling mandated by the FDA in February of 1998 that we just went through was adequate to describe the psychiatric risks of Accutane?
>
> MR. KAUFMAN: Objection.
>
> A. Yes.

*Id.* at 176:22 – 177:3.

This testimony could not have been more plain. Plaintiffs were certainly on notice that the U.S. Defendants viewed this testimony as a critical concession, because the U.S. Defendants had cited this admission in court filings. And Plaintiffs certainly appreciated that examining counsel would make extensive use of Dr. Blume's prior deposition testimony in preparation for this deposition. Yet, instead of providing reasonable notice that Dr. Blume would attempt to change her deposition testimony, Plaintiffs (and Dr. Blume) waited until *the day of her deposition in these cases* – over a year after she made the above admission – to attempt to correct that admission through an improper errata sheet. *See* Blume Dep. 102:8 – 103:7 (admitting about errata sheet: "Oh, it's extensive"); 123:14 – 124:10. The errata sheet took Dr. Blume's above-quoted "yes" answer (*i.e.*, the 1998 label was "adequate") and made it into a nonsensical answer which retained the "yes" but then added five different grounds on which the 1998 label was allegedly inadequate.[2] *See id.* at 144:17 – 147:25.

---

[2]   Dr. Blume claimed that she gave the wrong answer during her deposition because of excessive "distractions," even though there is no record objection to such alleged "distractions." (continued…)

5

89111v1

Dr. Blume's late attempt to change earlier sworn testimony forced examining counsel to waste significant time probing why this answer was being improperly corrected through the errata sheet, including by questioning Dr. Blume's indefensible attempt to suggest that she had not really changed her testimony. *See, e.g.*, Blume Dep. at 142: (arguing that her errata sheet was consistent with earlier testimony because "the corrected answer still keeps the word 'yes,'" but also claiming that it appropriately "amplifies the answer to reflect the issue of other psychiatric issues"). This unnecessary delay, which stemmed from Dr. Blume's improper attempt to use an errata sheet to entirely rewrite an answer given in a deposition more than one year ago, justifies collectively allowing Defendants three total hours to complete Dr. Blume's deposition.[3]

## CONCLUSION

For the foregoing reasons, the U.S. Defendants move to compel additional time with Dr. Blume, at Plaintiffs' expense.

                                                                                    Edward A. Moss
                                                                                    Florida Bar No. 057016
                                                                                    emoss@shb.com
                                                                                    Rafael Cruz-Alvarez

---

Blume Dep. at 105:11-20. She similarly claimed that, even though she had already billed over $120,000 to these cases, including by preparing an affidavit on the 1998 labeling in this case, she was confused because she was unable to read the copy of the 1998 label that was marked as an exhibit during the deposition. *See id.* at 99:22 – 100:12, 106:11-20. Needless to say, Dr. Blume's post-hoc "blurry" explanation is contradicted by the exhibit, the record, and her failure to review her own personal copy of the exhibit despite being invited to do so by counsel. *See id.* at 111:15 – 122:1.

[3]   The U.S. Defendants limit their total request to three hours on the assumption that Plaintiffs' counsel and Dr. Blume will not waste the time allowed for her deposition with filibustering answers or lengthy objections, and that Dr. Blume will not use the opportunity of a new deposition to attempt to cure inadequacies in her prior testimony, as she has previously attempted to do.

Florida Bar No. 989861
ralvarez@shb.com
SHOOK, HARDY & BACON L.L.P
Miami Center, Suite 2400
201 South Biscayne Boulevard
Miami, Florida 33131-4332
Phone:  305-358-5171
Fax:      305-358-7470

Mary M. Sullivan
Colleen M. Hennessey
Michael J. Griffin
mmsullivan@peabodyarnold.com
PEABODY & ARNOLD, LLP
30 Rowes Wharf
Boston, MA 02110
Phone:     617-951-2100
Fax:         617-951-2125

Michael X. Imbroscio
COVINGTON & BURLING
1201 Pennsylvania Avenue NW
Washington, D.C. 20004-2401
PH:  202-662-6000
FX:  202-662-6291

**ATTORNEYS FOR U.S. DEFENDANTS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 22, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

I further certify that I mailed the foregoing document and the notice of electronic filing to the attorneys listed on the service list below.

7

89111v1

**SERVICE LIST**

James Keller, Esq.  
Keller & Keller  
2850 N. Merician St.  
Indianapolis, IN 46208  

Victoria J. Maniatis, Esq.  
Weltz & Luxenberg, P.C.  
180 Maiden Lane  
New York, N.Y. 10038  

Joseph J. Sansone, Esq.  
Covington & Burling  
1330 Avenue of Americas  
New York, N.Y. 10019  

Christine Davenport, Esq.  
Office of General Counsel  
U.S. House of Representatives  
219 Cannon House Office Bldg.  
Washington, D.C. 20515  

Michael E. Withey, Esq.  
Stritmatter Kessler, et al  
200 Second Avenue West  
Seattle, WA 98119-4204  

Jennifer F. Sherrill, Esq.  
Federman & Sherwood  
120 N. Robinson Avenue, Ste. 2720  
Oklahoma City, OK 73102  

Cori Suzanne Parobek  
Kirkland & Ellis LLP  
200 E. Randolph Dr., Ste. 6100  
Chicago, IL 60606  

Diane Reed, Esq.  
604 Water St.  
Waxahachie, TX 75165  

Dana W. Tucker  
Fox Galvin, LLC  
One Memorial Drive, 8th fl.  
St. Louis, MO 63102  

Daniel N. Gallucci, Esq.  
Roda & Nast PC  
801 Estelle Drive  
Lancaster, PA 17601  

Rebecca Barrett Phalen, Esq.  
Nelson Mullins, et al.  
999 Peachtree St. N.E.  
Atlanta, GA 30309-3964  

                s/Rafael Cruz-Alvarez  
                Attorney

89111v1