**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:  MDL #1626

ACCUTANE PRODUCTS LIABILITY  CASE #:8:04-MD-2523-T-30TBM

_____/

# **AMENDED ORDER** [1]
**(as to Psychiatric Track I cases)**

THIS CAUSE comes before the Court upon Hoffmann-La Roche Inc.'s and Roche Laboratories Inc.'s Motion to Exclude Evidence Regarding Causality Assessments (Dkt. #539), Plaintiffs' Response thereto (Dkt. #571), and Defendants' Reply (Dkt. #584). For the reasons stated previously (see Order at Dkt. #506), Defendants' Motion will be granted.

The Court deems it appropriate to comment upon the following four arguments raised by Plaintiffs:

(1) Causality assessments are utilized by the company and the FDA to determine causation,

(2) Defendants' causality assessments are admissible for the purpose of demonstrating Defendants' notice and/or knowledge of the potential dangers of Accutane,

---

[1] This Amended Order corrects a docket number cited in the first paragraph. No other changes have been made to the original Order (Dkt. #636) entered on 8-15-07.

   (3)  Defendants take the position that case reports are never admissible and never play a role in determining causation, and

   (4)  As to the extent of the information contained in the case reports, it is unrebutted that Defendants alone control the amount of information obtained and amount of effort expended to obtain that information.

  First, causality assessments are indeed utilized by the company and the FDA, but neither has drawn a conclusion of causation from them. The issue is not whether the causality assessments have some utility, but whether they can be used by the Plaintiffs for something they are not - an admission of causation.

  Second, the causality assessments are not needed to prove notice. Notice is not really an issue in the case. Roche acknowledges that it has received notice and as a result has included warnings on its label. And, if notice were an issue, notice would come from the case reports, not the causality assessments. The case reports are available to Plaintiffs' experts and may be used, together with other evidence, to support an opinion if sufficient to form a reliable basis.

  Third, this Court has never said that case reports are never admissible and can never play a role in determining causation. Case reports may be a factor in determining causation if used in a manner that is scientifically reliable.

  Fourth, Defendants alone do not control the amount of information obtained. Defendants may have more resources with which to obtain information, but the case reports are available to anyone who wishes to investigate them and obtain background information.

The danger of the causality assessments is that the wording used in them is subject to being mischaracterized as an admission of causation when they are not.  In that way, they are highly prejudicial and excludable under Rule 403, Federal Rules of Civil Procedure.  The McCarroll trial in state court in New Jersey is a perfect example of that.  (See specific examples in Defendants' Reply Brief, Dkt. #584).

It is therefore ORDERED AND ADJUDGED that:

1.	Hoffmann-La Roche Inc.'s and Roche Laboratories Inc.'s Motion to Exclude Evidence Regarding Causality Assessments (Dkt. #539) is GRANTED.

**DONE** and **ORDERED** in Tampa, Florida on September 26, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To:**
Counsel/Parties of Record

*S:\MDL-Accutane\Exclude Evidence.Causality 539.wpd*