**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**IN RE: ACCUTANE (ISOTRETINOIN)
PRODUCTS LIABILITY LITIGATION**              MDL NO.: 1626
_____/     CASE NO.: 8:04-MD-2523

EILEEN BARIL,                                CASE NO.: 8:04-CV-2768

    Plaintiff,

vs.

HOFFMANN-LA ROCHE INC.;
ROCHE LABORATORIES INC.;
F. HOFFMANN-LA ROCHE, LTD.;
and ROCHE HOLDINGS, LTD.,

    Defendants.
_____/
KENNETH PALMER,                              CASE NO.: 8:04-CV-2769

    Plaintiff,

vs.

HOFFMANN-LA ROCHE INC.;
ROCHE LABORATORIES INC.;
F. HOFFMANN-LA ROCHE, LTD.;
and ROCHE HOLDINGS, LTD.,

    Defendants.
_____/
CHRISTOPHER M. PERRONNE,                     CASE NO.: 8:04-CV-2766

    Plaintiff,

vs.

HOFFMANN-LA ROCHE INC.;
ROCHE LABORATORIES INC.;
F. HOFFMANN-LA ROCHE, LTD.;
and ROCHE HOLDINGS, LTD.,

    Defendants.
_____/
CLAY R. SEYMOUR,                             CASE NO.: 8:06-cv-1989

    Plaintiff,

vs.

HOFFMANN-LA ROCHE INC.;
ROCHE LABORATORIES INC.;
F. HOFFMANN-LA ROCHE, LTD.;
and ROCHE HOLDINGS, LTD.,

      Defendants.
_____/

JASON S. ADKINS,                              CASE NO.: 8:06-CV-2296

      Plaintiff,
vs.

HOFFMANN-LA ROCHE INC.;
ROCHE LABORATORIES INC.;
F. HOFFMANN-LA ROCHE, LTD.;
ROCHE HOLDINGS AG, F. HOFFMANN
LA ROCHE AG, and ROCHE HOLDINGS, LTD.,

      Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO HOFFMAN-LA ROCHE INC.'S AND ROCHE LABORATORIES INC'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION AND REQUEST TO DEFER RULING**

The Plaintiffs' Steering Committee of MDL 1626 (hereinafter referred to as the "Plaintiffs"), by and through the undersigned attorneys, hereby responds in opposition to HLR, Inc.'s and Roche Laboratories, Inc.'s (hereinafter "Roche" or "Defendants") Motion for Summary Judgment as to the following inflammatory bowel disease ("IBD") cases:

| | |
|---|---|
| Eileen Baril | Case No.: 8:04-cv-2768-T-30TBM |
| Kenneth Palmer | Case No.: 8:04-cv-2769-T-30TBM |
| Christopher M. Perronne | Case No.: 8:04-cv-2766-T-30TBM |
| Clay R. Seymour | Case No.: 8:06-cv-1989-T-30TBM |
| Jason S. Adkins | Case No.: 8:06-cv-2296-T-30TBM |

**ARGUMENT**

On August 11th, 2009 this Court excluded Dr. Fogel's general causation testimony. In summary, the Court found that Dr. Fogel was qualified and that his methodology was not unorthodox; but was concerned that there was not currently sufficient scientific date to

close the gap between hypothesis and opinion. The plaintiffs expect that gap to be closed very shortly and respectfully request this Court to defer the ruling on this issue for the following reasons:

1. The defendants still have not completely complied with the New Jersey Court's Order to turn over all relevant causation documents.
2. In addition to these five cases, the Accutane MDL has recently added a new case that will ultimately be affected by this ruling.
3. The Defendants will suffer no prejudice or expense by the Court deferring a Ruling since the discovery cutoffs have passed regarding these cases.

### 1. THE DEFENDANTS STILL OWE CAUSATION DISCOVERY TO THE NEW JERSEY JUDGE.

In the above captioned matter, Defendants have pressed for the Daubert hearing on Dr. Fogel and the subsequent Motion for Summary Judgment while they are simultaneously appealing and delaying the New Jersey Court Order to produce additional documentation. As set forth in Plaintiffs Motion to Compel, filed in this Court on March 17, 2009, it has come to light that Defendants have failed to produce all discoverable documents and information on the science of Accutane. Following a hearing in the New Jersey Mass Tort on this issue on March 18, 2009, the New Jersey Court entered an order granting a motion to compel all email correspondence of certain Roche drug safety officials as a means for the court to investigate the integrity of document production in this case. Plaintiffs reference the motion to compel filed in this Court rather than repeat herein the details of the admitted production failures on the part of Roche. It is highly likely that the New Jersey investigation will reveal additional evidence relevant to the issue of causation. Plaintiffs and Dr. Fogel therefore seek the right to supplement the causation case with any additional evidence produced through the New Jersey efforts. Presently, the Motion for Leave filed by Roche to file an Appeal to the New Jersey Appellate Court has not been ruled on but an Opinion is expected in the near future. Defendants will not suffer any prejudice by deferring this Court's Ruling on the Motion for Summary Judgment, conversely, Plaintiffs will be prejudiced by not being afforded the opportunity to supplement Dr. Fogel's report with this additional information.

2. **THIS MDL ACCUTANE LITIGATION HAS RECENTLY ADDED NEW CASE SPECIFICALLY NAMING HOFFMAN-LAROCHE, INC. AS A DEFENDANT.**

On June 17th, 2009 the following case was added to the MDL:

    8:09-cv-01130-JSM-TBM Charles v. Hoffmann-LaRoche, Inc. et al.

This case specifically named Hoffmann-LaRoche, Inc, as defendants (among others). As this case has been added recently it is on a new discovery track and therefore has not reached its deadline to declare a causation expert so therefore this later filed case will have the benefit of forthcoming discovery from Roche and would be in a position to survive a Motion for Summary judgment while the above captioned five plaintiffs would be prejudiced by ruling before this information is available. Furthermore, there are other remaining cases in this MDL that were not included in Defendant's Motion for Summary Judgment that will also benefit from forthcoming discovery from Roche while the above captioned five Plaintiffs will be prejudiced.

3. **THE DISOCVERY CUTOFFS FOR FACT AND EXPERT WITNESSES HAVE PASSED REGARDING THESE CASES.**

The discovery cutoff for fact and expert witnesses has passed and therefore the defendants will not be prejudiced or incur additional expenses or costs while the Court defers the ruling. For example, the New Orleans cases (Baril, Palmer, and Perronne) require no further investigation by the defendants. All of the Plaintiffs' fact sheets have been answered (and supplemented), all three plaintiffs have been deposed (twice), and the defendants have conducted over 30 depositions (mostly of Physicians). These cases are essentially ready for trial and waiting for the additional forthcoming evidence causes no harm to the Defendants in this matter.

**CONCLUSION**

On Friday, June 26th, 2009 Hoffman-La Roche announced that they would be pulling their drug Accutane off the market, worldwide, citing marketing considerations as the explanation. The discovery ordered by the New Jersey Court may show otherwise. The Courts legitimate concern about the sufficiency of the current scientific data to support

causation opinions may be satisfied as a result of the forthcoming discovery that is required of Roche. Therefore, Plaintiffs respectfully request that Court delay ruling on this matter until this information is available for this Courts consideration. This delay will not prejudice the Defendants and a failure to delay the Ruling until after Defendants have produced information they previously withheld will severely prejudice Plaintiffs.

                Respectfully Submitted,

                ROBICHAUX LAW FIRM

                /s/ J. Van Robichaux, Jr.
                J. Van Robichaux, Jr. -- 11338
                Brian D. Page -- 30941
                CAPITAL ONE BUILDING
                6305 Elysian Fields Ave, Suite 406
                New Orleans, LA 70122
                P.O. Box 792500
                New Orleans, LA 70179
                Ph:   504-286-2022
                Fax:   504-286-2044

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 4th day of September, 2009, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

        /s/ J. Van Robichaux, Jr.
          J. Van Robichaux, Jr.