**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **IN RE: ACCUTANE (ISOTRETINOIN)** | |
| **PRODUCTS LIABILITY LITIGATION** | MDL NO.: 1626 |
| _____/ | CASE NO.: 8:04-MD-2523 |
| | |
| EILEEN BARIL, | CASE NO.: 8:04-CV-2768 |
| | |
|       Plaintiff, | |
| vs. | |
| | |
| HOFFMANN-LA ROCHE INC.; | |
| ROCHE LABORATORIES INC.; | |
| F. HOFFMANN-LA ROCHE, LTD.; | |
| and ROCHE HOLDINGS, LTD., | |
| | |
|       Defendants. | |
| _____/ | |
| KENNETH PALMER, | CASE NO.: 8:04-CV-2769 |
| | |
|       Plaintiff, | |
| vs. | |
| | |
| HOFFMANN-LA ROCHE INC.; | |
| ROCHE LABORATORIES INC.; | |
| F. HOFFMANN-LA ROCHE, LTD.; | |
| and ROCHE HOLDINGS, LTD., | |
| | |
|       Defendants. | |
| _____/ | |
| CHRISTOPHER M. PERRONNE, | CASE NO.: 8:04-CV-2766 |
| | |
|       Plaintiff, | |
| vs. | |
| | |
| HOFFMANN-LA ROCHE INC.; | |
| ROCHE LABORATORIES INC.; | |
| F. HOFFMANN-LA ROCHE, LTD.; | |
| and ROCHE HOLDINGS, LTD., | |
| | |
|       Defendants. | |
| _____/ | |
| CLAY R. SEYMOUR, | CASE NO.: 8:06-cv-1989 |
| | |
|       Plaintiff, | |

vs.

HOFFMANN-LA ROCHE INC.;
ROCHE LABORATORIES INC.;
F. HOFFMANN-LA ROCHE, LTD.;
and ROCHE HOLDINGS, LTD.,

    Defendants.
_____/

JASON S. ADKINS,                                 CASE NO.: 8:06-CV-2296

    Plaintiff,
vs.

HOFFMANN-LA ROCHE INC.;
ROCHE LABORATORIES INC.;
F. HOFFMANN-LA ROCHE, LTD.;
ROCHE HOLDINGS AG, F. HOFFMANN
LA ROCHE AG, and ROCHE HOLDINGS, LTD.,

    Defendants.
_____/

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT AND TO SUBMIT NEWLY DISCOVERED EVIDENCE IN OPPOSITION TO HOFFMAN-LA ROCHE INC.'S AND ROCHE LABORATORIES INC'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION AND REQUEST TO DEFER RULING**

The Plaintiffs' Steering Committee of MDL 1626 (hereinafter referred to as the "Plaintiffs"), by and through the undersigned attorneys, hereby respectfully requests that this Honorable Court consider newly discovered evidence on behalf of Plaintiff's opposition to HLR, Inc.'s and Roche Laboratories, Inc.'s (hereinafter "Roche" or "Defendants") Motion for Summary Judgment as to the following inflammatory bowel disease ("IBD") cases:

| | |
|---|---|
| Eileen Baril | Case No.: 8:04-cv-2768-T-30TBM |
| Kenneth Palmer | Case No.: 8:04-cv-2769-T-30TBM |
| Christopher M. Perronne | Case No.: 8:04-cv-2766-T-30TBM |
| Clay R. Seymour | Case No.: 8:06-cv-1989-T-30TBM |
| Jason S. Adkins | Case No.: 8:06-cv-2296-T-30TBM |

## ARGUMENT

Plaintiffs in the above captioned matter have recently discovered new evidence that is highly relevant to their pending claims. On August 11th, 2009 this Court excluded Dr. Fogel's general causation testimony. In summary, the Court found that Dr. Fogel was qualified and that his methodology was not unorthodox; but was concerned that there was not currently sufficient scientific data to close the gap between hypothesis and opinion. **An abstract has been released** reporting on a study that will provide Dr. Fogel with the data necessary to satisfy the Court's requirement to close the gap between hypothesis and opinion. Furthermore, defendants rely on the "Reddy Article" as a main position of their case and it has been discovered that the Defendants have influenced the language in the article. The plaintiffs request this Court defer the ruling on Defendant's Motion for Summary Judgment for the following reasons:

1. An abstract entitled "**Accutane Use is Associated with Inflammatory Bowel Disease: A Case Control Study Using Administrative Data**" has been recently released which documents a retrospective case-control study, using a large administrative claims database containing information on 55 million patients from >70 health plans across the US that found a statistically significant increased risk of Accutane users developing IBD.

2. Plaintiffs have discovered that the "Reddy Article" has been unduly influenced by Defendant's hired expert before publication.

3. The defendants still have not completely complied with the New Jersey Court's Order to turn over all relevant causation documents.

### 1. AN ABSTRACT HAS BEEN RELEASED REPORTING ON A STUDY FINDING A SIGNIFICANT RELATIONSHIP BETWEEN ACCUTANE USE AND THE DEVELOPMENT OF IBD

This Court excluded the testimony of Plaintiffs' causation expert, Dr. Ronald Fogel, not because the Court found that Dr. Fogel was unqualified or that his methodology was unorthodox; but because the Court was concerned that there is not currently sufficient scientific data to close the gap between hypothesis and opinion. A recently reported study, however, does just that as it concludes overall that "[i]n this case-control study

from a large administrative claims database, IBD was associated with prior isotretinoin use." More specifically, the Abstract (included below in its entirety) reports the study findings that "[t]he odds ratio (OR) of IBD for isotretinoin use was 1.68 (95% confidence interval (CI) 0.98, 2.86) adjusted for age, sex, and geographic region. Increasing number of prescriptions was associated with higher risk: 4 or more prescriptions was associated with an OR of 2.67 (95% CI 1.32, 5.41)."

> P1122
> Accutane Use is Associated with Inflammatory Bowel Disease: A Case Control Study Using Administrative Data
>
> 2009 ACG/Centocor IBD Abstract Award, 2009 Presidential Poster
>
> Seth Crockett, MD,1 Christopher Martin, PhD,1 Carol Porter, MS,2 Michael Kappelman, MD, MPH3 1. University of North Carolina- Department of Medicine, Division of Gastroenterology, Chapel Hill, NC; 2. University of North Carolina - Cecil G. Sheps Center for Health Services Research, Chapel Hill, NC; 3. University of North Carolina - Department of Pediatrics, Division of Gastroenterology, Chapel Hill, NC.
>
> Purpose: Accutane (isotretinoin) is commonly prescribed for the treatment of severe acne. Though cases of inflammatory bowel disease (IBD) have been reported in isotretinoin users, a causal association remains unproven.
>
> Methods: We performed a retrospective case-control study, using a large administrative claims database containing information on 55 million patients from >70 health plans across the US (PharMetrics, IMS Health,Watertown, MA). Among individuals with at least 12 months of continuous health plan enrollment, cases of Crohn's disease (CD), ulcerative colitis (UC), and indeterminate IBD were identified using a previously reported administrative definition, and matched to 3 non-IBD controls on the basis of age, gender, and geographical region. Exposure to isotretinoin was assessed in the 12 months prior to the first IBD diagnosis for cases, or in the first 12 months of enrollment for controls. Exposure status was compared among cases and controls using conditional logistic regression to adjust for the matching variables.
>
> Results: Our sample contained 8,189 cases and 21,832 controls. Amongst cases, 3,664 (45%) patients had a diagnosis of Crohn's

> disease, 4,428 (54%) had a diagnosis of ulcerative colitis, and 97 (1%) had indeterminate IBD. Prior isotretinoin use was present in 60 subjects (24 cases and 36 controls). The odds ratio (OR) of IBD for isotretinoin use was 1.68 (95% confidence interval (CI) 0.98, 2.86), adjusted for age, sex, and geographic region.
> Increasing number of prescriptions was associated with higher risk: 4 or more prescriptions was associated with an OR of 2.67 (95% CI 1.32, 5.41). In subgroup analyses, ulcerative colitis was strongly associated with prior isotretinoin exposure (OR 4.36, 95% CI 1.97, 9.66). However there was no apparent association between isotretinoin exposure and Crohn's disease (OR 0.68, 95% CI 0.28, 1.68).
>
> Conclusion: In this case-control study from a large administrative claims database, IBD was associated with prior isotretinoin use. When stratified by manifestation of disease, this association holds for UC, but not CD. The OR increased with higher numbers of Accutane prescriptions, indicating a possible dose-response curve. Future studies are indicated to confirm this finding in other populations, and to elucidate possible biological mechanisms by which Accutane may lead to IBD.

Defendants will bear no prejudice by this Honorable Court delaying its ruling on their Motion for Summary Judgment until this new evidence can be reviewed by this Court, Defendants', and Plaintiff's experts. The significance of this evidence cannot be ignored. It would be highly prejudicial and detrimental to Plaintiffs' right to seek compensation for their injuries as a result of the Defendants' actions if this evidence is ignored.

   **2. Defendants' Expert Influenced the Conclusions of the Reddy Article Without Disclosure and Despite Holding Strong Opinions Consistent with Dr. Fogels' on the Relationship Between Accutane and IBD.**

Defendants have complained of Dr. Fogel's reliance on the article by Deepa Reddy, et al, *Possible Association Between Isotretinoin and IBD*, Am Jrl of Gastroenterology (2006) vol. 101, 1569-1573 (the "Reddy Article"), for his opinion that Accutane causes IBD. Plaintiffs bring to the attention of the Court the recent deposition testimony of Dr. Stephen Hanauer, a Roche consultant and expert for the generic

manufacturers of isotretinoin, showing that Dr. Hanauer influenced the wording of the article so as to weaken its conclusions while engaged as a consultant for Roche, a fact he did not disclose to the authors of the Reddy Article until after it was published. Dr. Hanauer acknowledged in his recent deposition that he was retained by Hoffmann-La Roche and its attorneys as of 2003. Exh. _1_(Excerpts from Sept. 16, 2009 deposition of Dr. Hanauer ("Hanauer Dep."), at 19:15-19). He also confirmed that he was still consulting for Roche in January 2006 when he reviewed the draft manuscript of the Reddy Article and expressed concern about use of the word "cause" in the article's conclusions about isotretinoin's relationship to IBD. *Id.* at 24:13-25:19; 28:4-29:10). As a result the Reddy authors changed the wording from "probably caused" to "possible precipitant." Exh. 2 (Excerpts from Sept. 29, 2009 deposition of Dr. Sunandra Kane ("Kane Dep."), at 93:14-94:21). Although he influenced the conclusions of the article, Dr. Hanauer did not disclose to the Reddy Article authors that he was a consultant for Roche until after the article was published. Exh. 1 (Hanauer Dep., at 29:13-33:8); *see also* Exh. 2 (Kane Dep., at 89:17-22). Nor did he discuss with them his opinions that Accutane can trigger and aggravate IBD, which he held in 2006 and at least up until the time he was hired by the generic manufacturers in August 2008. Dr. Hanauer confirmed in his recent deposition the accuracy of earlier sworn testimony, but indicated he never discussed the following views with any of the Reddy authors:

- "Accutane can aggravate the underlying condition of inflammatory bowel disease in certain individuals";
- "Accutane has an effect on the epithelial cells in which it causes erosions in the lining cells of the digestive tract";

- "Accutane has a direct cause or direct impact on the epithelial lining within the gastrointestinal tract, and that is more than just a mere association";

- "Accutane may contribute to causation and may contribute to the perpetuation of inflammatory bowel disease";

- "Accutane or istotretinoin can be a contributing factor to the development of inflammatory bowel disease"

- "Accutane could be a trigger for inflammatory bowel disease . . . in certain individuals who are disposed to develop inflammatory bowel disease"

- "Accutane can aggravate or worsen inflammatory bowel disease in patients that have IBD.

Exh. 1 (Hanauer Dep., at 39:9-47:7).

The Reddy Article was clearly softened at Dr. Hanauer's urging. Despite the fact that he held strong views supporting a causal link between Accutane and IBD, he expressed concern over use of the word "cause" and advised the authors to only go so far as saying that Accutane was a "possible precipitant" of IBD. This influence while acting as a consultant to Roche and without disclosure of that fact casts suspicion on the Defendants' claim that the Reddy Article does not provide support for Dr. Fogel's opinion. It would be unduly prejudicial for the Court not to consider this new evidence, along with the evidence of the recent case-control study, and apply it to reevaluate the validity of Dr. Fogel's opinion.

### 3. THE DEFENDANTS STILL OWE CAUSATION DISCOVERY TO THE NEW JERSEY JUDGE.

In the above captioned matter, Defendants pressed for the Daubert hearing on Dr. Fogel and the subsequent Motion for Summary Judgment while they were simultaneously appealing and delaying the New Jersey Court Order to produce additional documentation. As set forth in Plaintiffs Motion to Compel, filed in this Court on March 17, 2009, it has

come to light that Defendants have failed to produce all discoverable documents and information on the science of Accutane. Following a hearing in the New Jersey Mass Tort on this issue on March 18, 2009, the New Jersey Court entered an order granting a motion to compel all email correspondence of certain Roche drug safety officials as a means for the court to investigate the integrity of document production in this case. Defendants' effort to appeal the New Jersey's Court's order has been rejected.  Exh. 3 (New Jersey Appellate Division Order denying Motion for Leave to Appeal).  Plaintiffs reference the motion to compel filed in this Court rather than repeat herein the details of the admitted production failures on the part of Roche.  The production of documents ordered by the New Jersey Court is now underway leading to potential additional new evidence relevant to the issue of causation.  Plaintiffs and Dr. Fogel therefore seek the right to supplement the causation case with any additional evidence produced through the New Jersey efforts.   Defendants will not suffer any prejudice by deferring this Court's Ruling on the Motion for Summary Judgment until such time as the ordered productions are complete and Plaintiffs and their experts have had an opportunity to review them. Conversely, Plaintiffs will be prejudiced by not being afforded the opportunity to supplement Dr. Fogel's report with additional information that may come forth.

## CONCLUSION

In light of:  a) the new case-control study showing a statistically significant increase in the risk of developing IBD with Accutane use, b) new evidence showing a Roche consultant influenced the conclusions of a key piece of medical literature without disclosing his true opinions or the fact that he worked for Roche, and c) the possibility that additional new evidence will be produced in pending discovery, Plaintiffs respectfully request that Court delay ruling on this matter until more complete information on these developments is available for consideration. This delay will not prejudice the Defendants but a failure to delay the ruling given these new developments will severely prejudice Plaintiffs.

## CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)

Counsel for Plaintiffs hereby certifies that he has conferred with Defendants' counsel of record who oppose this motion.

                                                Respectfully Submitted,

                                                ROBICHAUX LAW FIRM

                                                /s/ J. Van Robichaux, Jr.
                                                J. Van Robichaux, Jr. -- 11338
                                                Brian D. Page -- 30941
                                                CAPITAL ONE BUILDING
                                                6305 Elysian Fields Ave, Suite 406
                                                New Orleans, LA 70122
                                                P.O. Box 792500
                                                New Orleans, LA 70179
                                                Ph:   504-286-2022
                                                Fax:   504-286-2044

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 13th day of October, 2009, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                        /s/ J. Van Robichaux, Jr.
                           J. Van Robichaux, Jr.