**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **IN RE: ACCUTANE (ISOTRETINOIN)** | |
| **PRODUCTS LIABILITY LITIGATION** | MDL NO.: 1626 |
| _____/ | CASE NO.: 8:04-MD-2523 |
| | |
| EILEEN BARIL, | CASE NO.: 8:04-CV-2768 |
| Plaintiff, | |
| vs. | |
| HOFFMANN-LA ROCHE INC.; | |
| ROCHE LABORATORIES INC.; | |
| F. HOFFMANN-LA ROCHE, LTD.; | |
| and ROCHE HOLDINGS, LTD., | |
| Defendants. | |
| _____/ | |
| KENNETH PALMER, | CASE NO.: 8:04-CV-2769 |
| Plaintiff, | |
| vs. | |
| HOFFMANN-LA ROCHE INC.; | |
| ROCHE LABORATORIES INC.; | |
| F. HOFFMANN-LA ROCHE, LTD.; | |
| and ROCHE HOLDINGS, LTD., | |
| Defendants. | |
| _____/ | |
| CHRISTOPHER M. PERRONNE, | CASE NO.: 8:04-CV-2766 |
| Plaintiff, | |
| vs. | |
| HOFFMANN-LA ROCHE INC.; | |
| ROCHE LABORATORIES INC.; | |
| F. HOFFMANN-LA ROCHE, LTD.; | |
| and ROCHE HOLDINGS, LTD., | |
| Defendants. | |
| _____/ | |
| CLAY R. SEYMOUR, | CASE NO.: 8:06-cv-1989 |
| Plaintiff, | |

vs.
HOFFMANN-LA ROCHE INC.;
ROCHE LABORATORIES INC.;
F. HOFFMANN-LA ROCHE, LTD.;
and ROCHE HOLDINGS, LTD.,

    Defendants.
_____/

JASON S. ADKINS,                            CASE NO.: 8:06-CV-2296

    Plaintiff,
vs.

HOFFMANN-LA ROCHE INC.;
ROCHE LABORATORIES INC.;
F. HOFFMANN-LA ROCHE, LTD.;
ROCHE HOLDINGS AG, F. HOFFMANN
LA ROCHE AG, and ROCHE HOLDINGS, LTD.,

    Defendants.
_____/

## PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR RECONSIDERATION

The Plaintiffs' Steering Committee respectfully requests the Court to reconsider its October 28, 2009 order (Dkt. 729) denying Plaintiffs' motion for leave to supplement the record and granting Defendants' motion for summary judgment. Plaintiffs believe that their motion to supplement the record should have been granted because some federal courts, including the Eleventh Circuit, consider a relative risk factor of greater than 2.0 to be relevant evidence of causation, and the study Plaintiffs seek to introduce meets that standard.

Should the Court deny this motion, Plaintiffs respectfully indicate their ultimate intention to appeal the decisions of this Court to the United States Court of Appeals. Because their right to appeal is time-limited, Plaintiffs respectfully request a ruling on this motion by November 25, 2009.

**MEMORANDUM**

A.  **PLAINTIFFS' MOTION FOR RECONSIDERATION IS THE APPROPRIATE VEHICLE FOR INITIAL REVIEW.**

On August 27, 2009, Defendants moved for summary judgment. On October 13, 2009, Plaintiffs moved the Court for leave to supplement the record with newly available evidence.[1] Plaintiffs believe the new evidence, in the form of a case-control study, should be part of the summary judgment record, and so argued in their motion.

On October 28, 2009, in a single order, the Court first denied Plaintiffs' motion to supplement the record, and then granted Defendants' motion for summary judgment on the basis that there was insufficient evidence in the record to support Plaintiffs' claims. Had the Court ruled only on the first, evidentiary motion, Plaintiffs would have immediately moved for reconsideration, before the Court proceeded to determine the summary judgment motion. Because the summary judgment order was a final order, Plaintiffs never had the ability to seek interlocutory appeal of the evidentiary order. Plaintiffs move for reconsideration now, their earliest opportunity, because Plaintiffs believe the law of the Eleventh Circuit favors admitting the new study.

The Federal Rules of Civil Procedure do not explicitly "provide for a 'motion to reconsider,'" but "a district court has the inherent power to reconsider its interlocutory orders," and the Courts of Appeals have encouraged district courts to do so. *Fernandez-Vargas v. Pfizer Pharms., Inc.*, 522 F.3d 55, 61 n.2 (1st Cir. 2008). *See also Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005).[2] Because judicial economy would be

---

[1] Plaintiffs moved the Court for permission; they did not simply file a "notice of supplemental authority," as Defendants did on July 24, 2009 (Dkt. 716) when they sought to introduce new evidence.

[2] Because motions to reconsider are not provided for under the Rules, there is no set timeframe for their filing. Thus, Plaintiffs have borrowed the ten-day standard of Fed. R. Civ. P. 59(e), and this filing is timely under that Rule. Should the Court construe its October 29, 2009 order as the entry of final judgment, then this motion should be considered as a motion to alter or amend the judgment under Rule 59(e).

furthered by addressing this evidentiary matter now, Plaintiffs ask the Court to reconsider both the evidentiary order and the summary judgment order.

Plaintiffs respect the decisions of this Court, but intend to exercise their time-limited right to appeal these decisions in the event the Court does not grant the present motion. Therefore, being mindful of the heavy demands of the Court's docket, Plaintiffs humbly ask that the Court rule on this motion at least two days prior to the expiration of the 30-day window set by Fed. R. App. P. 4—in other words, by November 25, 2009.

**B.   PLAINTIFFS' NEWLY DEVELOPED EVIDENCE SHOULD HAVE BEEN CONSIDERED BY THE COURT.**

In their October 13, 2009 motion to supplement the record, Plaintiffs sought to introduce the results of a recently completed case-control study (the "UNC study"). This study showed that in patients taking Accutane for greater than four months, the relative risk of developing inflammatory bowel disease ("IBD") was greater than 2.0. Because a relative risk higher than 2.0 has been accepted by the Eleventh Circuit as admissible to demonstrate causation, *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1315 n.16 (11th Cir. 1999), this study should have been admitted into evidence.

On October 28, 2009, Dr. Seth Crockett and his colleagues, all gastroenterologists at the University of North Carolina (UNC), released the results of a case-control study that found a statistically significant increased risk of developing IBD with Accutane use (Odds Ratio **2.678**, 95% CI 1.32, 5.41). The researchers used a large administrative claims database containing information on 55 million patients from more than 70 health plans across the U.S. The study's abstract received the Centocor IBD Abstract Award as well as the American College of Gastroenterology Presidential Poster Award. The UNC

4

study, which was designed specifically to investigate the connection between Accutane and IBD, is the largest such study ever performed.

The results of the UNC study provide compelling evidence that Accutane is, more likely than not, the cause of the Plaintiffs' IBD.  The relative risk of IBD in patients taking Accutane for four or more months was found to be **2.678.**[3]  In other words, the use of Accutane for this period of time *more than doubled* the patient's risk of developing IBD.  This finding, of a relative risk in excess of 2.0, is patently admissible under Fed. R. Evid. 702.  Indeed, epidemiological studies provide "the primary generally accepted methodology for demonstrating a causal relation between a chemical compound and a set of symptoms or disease."  *Conde v. Velsicol Chem. Corp.*, 804 F. Supp. 972, 1025–26 (S.D. Ohio 1992), *aff'd*, 24 F.3d 809, 814 (6th Cir. 1994).  As the court wrote in *Siharath v. Sandoz*, 131 F. Supp.2d 1347, 1356 (N.D. Ga. 2001):

> Epidemiology is the medical science devoted to determining the cause of disease in human beings.  Epidemiologists employ cohort studies, case-control studies, and ecological studies to determine whether individuals exposed to an agent have a greater risk of developing the disease in question. Bailey, et al., "Reference Guide on Epidemiology," *Reference Manual on Scientific Evidence* 340–45 (2000).  In epidemiological terms, the difference in risk of getting the disease is the "relative risk."  A relative risk of 1.0 means that the agent has no effect on the incidence of disease.  When the relative risk reaches 2.0, the agent is responsible for an equal number of cases of disease as all other background causes.  A relative risk of 2.0 implies a 50 percent likelihood that an exposed individual's disease was caused by the agent in question. *See, e.g., Hall v. Baxter Healthcare Corp.*, 947 F.Supp. 1387, 1403 (D. Or. 1996); Reference Manual at 348–49.  Thus, in the world of epidemiology, the threshold for concluding that an agent was more likely than not the cause of a disease is a relative risk greater than 2.0.

---

[3] The odds ratio of 2.678 was reported with a 95% confidence interval, or "CI," of 1.32, 5.41, which means that there is less than a 5% chance that this finding is due to chance.  Bailey, et al., "Reference Guide on Epidemiology," Reference Manual on Scientific Evidence 348–49 (2000).

The study should also have been admitted given its significant probative weight and the fact that, as a scientific publication, its prior unavailability was no fault of the Plaintiffs. Its admission would have caused no incurable prejudice to the Defendants.

## CONCLUSION

Plaintiffs request that the Court reconsider its October 29, 2009 order. In so doing, Plaintiffs request that the Court grant their motion for leave to supplement the record, admit the UNC study, and deny Defendants' motion for summary judgment.

At the minimum, even if the Court finds the full relief requested to be unwarranted, Plaintiffs request that the Court admit the UNC study and take it into account while weighing Defendants' motion for summary judgment.

Respectfully Submitted,

ROBICHAUX LAW FIRM

/s/ J. Van Robichaux, Jr.
J. Van Robichaux, Jr. — 11338
Brian D. Page — 30941
CAPITAL ONE BUILDING
6305 Elysian Fields Ave, Suite 406
New Orleans, LA 70122
P.O. Box 792500
New Orleans, LA 70179
Ph:   504-286-2022
Fax:  504-286-2044

**CERTIFICATE OF SERVICE**

  I do hereby certify that I have on this 10th day of November, 2009, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

          /s/ J. Van Robichaux, Jr.
           J. Van Robichaux, Jr.


**CERTIFICATE OF CONFERENCE**
**PURSUANT TO LOC. R. 3.01(g)**

  Because this motion was intended to be filed within ten days after the Court's October 29, 2009 order, there was insufficient time to confer with Defendants' counsel as to the relief requested in this motion. The undersigned will promptly confer with Defendants' counsel and supplement this motion with a statement, as required by Loc. R. 3.01(g).

          /s/ J. Van Robichaux, Jr.
           J. Van Robichaux, Jr.