

IN RE:

ACCUTANE PRODUCTS LIABILITY LITIGATION

)
)
)
)
)
)
)
)
)
)
)

MDL DOCKET NO. 1626

No. 8:04md-2523-T-30TBM

8:12-cv-2369-T-30TBM (Gordon, Lindsey)

## DEFENDANTS HOFFMANN-LA ROCHE INC. AND ROCHE LABORATORIES INC.'S OPPOSITION TO PLAINTIFF LINDSEY GORDON'S MOTION FOR VOLUNTARY DISMISSAL

Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc. (collectively, "Roche") object to Plaintiff Lindsey Gordon's ("Gordon") Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) ("Motion" or "Motion to Dismiss") [Doc. 1054], a motion that Gordon filed on June 25, 2012—eight months after initiating suit. Roche objects to Gordon's Motion to Dismiss because (1) a dismissal significantly prejudices Roche and (2) Roche has expended substantial efforts preparing to litigate this case. Accordingly, this Court should deny Gordon's Motion to Dismiss or, alternatively, grant Gordon's Motion with an award of costs and fees to Roche.

## I.     INTRODUCTION

Gordon filed suit on October 24, 2011 against Roche in the County of San Diego Superior Court in the State of California. Roche Answered Gordon's Compliant on December 12, 2011. On that same day, Roche filed a Notice of Removal in the Southern District of California federal district court. On December 14, 2011, Roche also filed a Notice of a Potential Tag-Along action with the Judicial Panel on Multi-district Litigation ("JPML"). The JPML issued its Conditional Transfer Order on December 28, 2011 and Gordon's case was subsequently transferred to this Court. Upon transfer to this Court, the parties began preparing to

litigate the case, including naming causation experts.  Now eight months after transfer to this

Court, Gordon filed her Motion to Dismiss.

**II.    ARGUMENT**

**A.    Gordon's Motion to Dismiss Should be Denied Because (1) Roche Would Suffer Legal Prejudice and (2) Roche has Expended Meaningful Costs Defending this Litigation.**

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may only voluntarily dismiss

her claim, absent legal prejudice to the defendant, by court order.  *Barber v. General Elec. Co.,*

648 F.2d 1272, 1275 (10th Cir. 1981).  This Court should deny Gordon's Motion to Dismiss for

two reasons: ***First***, dismissal would result in clear legal prejudice to Roche and, ***second***, Roche

has expended meaningful resources defending this litigation thus far.

**1.    *Dismissal would deprive Roche of substantive affirmative relief thereby resulting in legal prejudice to Roche.***

Gordon seeks to dismiss her suit in federal court because "she has limited financial

means" and "the cost of proceeding with the lawsuit is prohibitive."  *See* Pl.'s Mot. at 2.

Gordon, however, requests dismissal *without* prejudice.  But, a plaintiff does not have an

automatic right to a dismissal without prejudice if the defendants would suffer "legal prejudice"

as a result under Rule 41(a).  *See Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th

Cir. 1991).[1]

Here, allowing Gordon to dismiss this suit and presumably refile in New Jersey state

court would deprive Roche of affirmative relief and, therefore, result in "legal prejudice."  *See*

---

[1] *See also Philips USA, Inc. v. Allflex USA, Inc.,* 77 F.3d 354 (10th Cir. 1996); *see also Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997); *Grivas v. Parmelee Transp. Co.,* 207 F.2d 334, 338 (7th Cir. 1953).

178084 v1

*Grivas*, 207 F.2d at 338.  In stark contrast to New Jersey state courts, this Court has previously excluded expert causation testimony as well as a certain form of regulatory evidence -- so-called "causality assessments."  *Compare In re Accutane Prods. Liab. Litig.*, 511 F. Supp. 2d 1288 (M.D. Fla. 2007), *aff'd*, *Rand v. Hoffman La-Roche Inc.*, 291 Fed. Appx. 249 (11th Cir. 2008); and *In Re: Accutane Prod. Liab. Litig.*, No. 8:04-md-2523-T-30TBM, 2009 WL 2496444 (M.D. Fla. Aug. 11, 2009), *aff'd*, *In Re: Accutane Products Liability*, 378 Fed. Appx. 929 (11th Cir. May 7, 2010) (same); *with McCarrell v. Hoffman-La Roche, Inc.*, No. 2009 WL 614484, *32 (N.J. Super. A. D. March 12, 2009).  This precedent demonstrates that a dismissal could deprive Roche of affirmative relief.  And, as a result, Roche would suffer unmistakable legal prejudice if Gordon's Motion to Dismiss were granted.

Accordingly, this Court should deny Gordon's Motion to Dismiss.

**2.  *In the Event the Court Decides to Grant Plaintiff's Motion, Roche should be awarded its fees and costs.***

Roche has expended meaningful resources defending this litigation.  Indeed, Gordon's initiation of the case required Roche to prepare and file an Answer, prepare and file its notice with the JPML, and engage in fact and expert discovery, all resulting in significant expense for Roche.

In the event the Court is inclined to grant Gordon's Motion to Dismiss, the Court should only do so with a condition that Gordon pay Roche's reasonable costs and attorney's fees.  Rule 41(a)(2) contemplates such curative relief.  *Id.* at 1047 (noting that the primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.").  And, the Eleventh Circuit has instructed that "[i]n exercising [their] broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and

attaching such conditions to the dismissal as are deemed appropriate." *Stephens v. Ga. DOT*, 134 Fed.Appx. 320, 323 (11th Cir. 2006). This Court has previously imposed costs as a condition of dismissal without prejudice. *See, e.g.*, Docs. 813, 826, 913. Likewise, here, an award of costs and fees to Roche is appropriate given the prejudicial effect that a dismissal without prejudice would have on Roche and the substantial resources Roche has expended thus far litigating this case.

Accordingly, Roche respectfully requests that the Court deny Gordon's Motion to Dismiss. Should the Court grant Gordon's Motion to Dismiss, Roche respectfully requests that the Court award Roche reasonable costs and attorney's fees for its efforts undertaken in litigating this case. *See* Fed. R. Civ. P. 41(a)(2).

Respectfully submitted,

s/Edward A. Moss

Michael X. Imbroscio
Paul W. Schmidt
Covington & Burling LLP
1201 Pennsylvania Avenue NW
Washington, D.C. 20004


Dated: June 28, 2012

Edward A. Moss
Florida Bar No. 057016
Email:  emoss@shb.com
Shook, Hardy & Bacon, L.L.P.
Miami Center, Suite 2400
201 South Biscayne Boulevard
Miami, FL 33131-4332
PH:  (305) 358-5171
FAX:  (305) 358-7470

4

178084 v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of June 2012, I electronically filed the foregoing

document using the CM/ECF system which will send a notification to all the attorneys of record.


s/Edward A. Moss
Attorney

178084 v1