UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida.
BY: _____
Deputy Clerk

IN RE: ACCUTANE (ISOTRETINOIN) PRODUCTS
LIABILITY LITIGATION                                                                                MDL No. 1626

TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in the five actions listed on Schedule A move to vacate our orders conditionally transferring their actions to the Middle District of Florida for inclusion in MDL No. 1626. Responding defendants oppose the motion.[1]

In opposing transfer, plaintiffs in four of the five actions (all but District of Maryland *Burns*) cite the pendency of either a motion for remand to state court or a motion to dismiss.[2] As we have frequently held, however, the pendency of such motions generally is not a sufficient reason to delay transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so. We further note that the record indicates that the transferee court has expeditiously ruled on other remand motions in this docket. *See, e.g.*, Order, No. 8:04-MD-2523 (M.D. Fla. July 31, 2012) (docket no. 1081); Order, No. 8:04-MD-2523 (M.D. Fla. Feb. 2, 2012) (docket no. 988).

The District of Maryland *Burns* plaintiff argues that his counsel is unaware of any formal discovery-sharing mechanism in place in the MDL. Be that as it may, transfer will certainly facilitate the *Burns* plaintiff's ability to share common discovery with other plaintiffs in the MDL. In any event, plaintiff's contention that he can more efficiently litigate his action in the District of Maryland does not withstand scrutiny in light of the transferee judge's lengthy experience with this litigation.

After considering all argument of counsel, we find that these five actions involve common questions of fact with actions in this litigation previously transferred to MDL No. 1626, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization. In that order, we held that the Middle District of Florida was an appropriate

---

[1] These defendants are: Mylan Bertek Pharmaceuticals Inc., Mylan Pharmaceuticals Inc., and Mylan Inc. (as to the Northern District of California action), and Hoffman-La Roche Inc. and Roche Laboratories Inc. (as to the other four actions).

[2] These plaintiffs also argue that they would prefer to litigate where they brought suit, and that some discovery will take place in those jurisdictions. We find these arguments unavailing, as they could be made by the parties to virtually any action subject to Section 1407 transfer.

- 2 -

Section 1407 forum for actions "present[ing] complex common questions of fact concerning, *inter alia*, i) the development, testing, manufacturing and marketing of Accutane [isotretinoin], and ii) defendants' knowledge concerning the drug's possible adverse effects." *See In re Accutane Prods. Liab. Litig.*, 343 F. Supp. 2d 1382, 1383 (J.P.M.L. 2004). Like plaintiffs in many actions previously transferred to the MDL, plaintiffs in all five actions allege that they suffered gastrointestinal injury as a result of taking either Accutane or a generic form thereof.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Middle District of Florida, and, with the consent of that court, assigned to the Honorable James S. Moody, Jr., for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

| | |
|---|---|
| IN RE: ACCUTANE (ISOTRETINOIN) PRODUCTS LIABILITY LITIGATION | MDL No. 1626 |

## SCHEDULE A

<u>Northern District of California</u>

Amanda Couture v. Hoffmann-La Roche, Inc., et al., C.A. No. 4:12-02657

<u>District of Maryland</u>

William R. Burns v. Hoffman-La Roche Inc., et al., C.A. No. 1:12-01943

<u>Eastern District of Pennsylvania</u>

Christopher Evendahl v. Hoffmann-La Roche, Inc., et al., C.A. No. 2:12-02993
Bret Serrin v. Hoffmann-La Roche, Inc., et al., C.A. No. 2:12-02994
James A. Gaines v. Hoffmann-La Roche, Inc., et al., C.A. No. 2:12-03153