**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                                                                      MDL 1626

ACCUTANE (ISOTRETINOIN)                                      Case No. 8:04-md-2523-T-30TBM
PRODUCTS LIABILITY LITIGATION,
_____/

LINDSAY KRAMER,

       Plaintiff,

v.                                                                                            Case No. 8:11-cv-1702-T-30TBM

HOFFMANN-LA ROCHE, INC., et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on **Defendant's Motion to Show Cause for Lack of Prosecution** (Doc. 1059) and the **Order to Show Cause** (Doc. 1131) of October 5, 2012. For the reasons set forth below, it is recommended that Defendant's motion be granted and that Plaintiff's claims be dismissed for lack of prosecution.

The pertinent procedural history of this case is as follows. Plaintiff filed her suit against Defendant in the United States District Court for the Central District of California on June 29, 2011,[1] and the Judicial Panel on Multidistrict Litigation subsequently transferred the case to this court on July 27, 2011. (Doc. 917). On August 10, 2011, a scheduling conference via telephone was noticed for August 23, 2011. (Doc. 921). Counsel for Plaintiff

---

[1] The Complaint is filed in Case No. 8:11-cv-1702-T-30TBM. *See* (Doc. 1, Ex. B).

was noticed but did not appear. (Doc. 926). A Case Management and Scheduling Order governing this case as well as others was entered on August 25, 2011.[2] (Doc. 928). Defendant filed its instant motion on July 3, 2012. (Doc. 1059). Plaintiff did not file a response.[3] On September 7, 2012, Plaintiff was noticed for a telephone status conference scheduled for September 27, 2012. (Doc. 1094). Counsel for Plaintiff did not appear and Defendant requested that the case be dismissed. (Doc. 1113). An Order to Show Cause (Doc. 1131) was issued on October 5, 2012, directing Plaintiff to respond to the Order and Defendant's motion, and to appear for hearing on November 1, 2012. (Doc. 1131). Plaintiff was advised that failure to respond and/or appear may result in a report recommending that her claims be dismissed for failing to prosecute due to her failure to serve her Fact Sheet and disclose her general causation expert. Plaintiff failed to file and serve a written response to Defendant's Motion to Show Cause for Lack of Prosecution (Doc. 1059) and the Order to Show Cause (Doc. 1131). The Show Cause hearing was conducted on November 1, 2012, at

---

[2]The deadlines were as follows. Service of fact sheets by Plaintiffs: September 30, 2011; Plaintiffs general causation expert disclosures: December 30, 2011; Defendants general causation expert disclosures: January 31, 2012; Plaintiffs general causation expert reports: January 31, 2012; Defendants general causation expert reports: February 29, 2012; Completion of initial fact discovery and expert discovery: May 31, 2012; Filing of dispositive motions and Daubert motions: June 29, 2012; and Opposition briefs due: July 27, 2012. (Doc. 928).

[3]Prior to the hearing, chambers contacted Plaintiff's counsel. Counsel indicated that he had been wrongly terminated from the docket since January 23, 2012, and had not received any case filings (counsel was thereafter reinstated as counsel of record for Plaintiff). Counsel indicated further that he would file a motion for leave to respond to the motion. No motion for leave or a response was filed.

which Plaintiff was not present. (Doc. 1188). The undersigned attempted to contact counsel via telephone but there was no answer.

Pursuant to Rule 41(b), a district court may dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. *Gratton*, 178 F.3d at 1374 (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). A district court also has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction. Fed. R. Civ. P. 37; *see Gratton*, 178 F.3d at 1374. Further, it is within a court's inherent authority to involuntarily dismiss a claim for want of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Local Rule 3.10 also provides that a court may dismiss a complaint for want of prosecution. *See* M.D. Fla. R. 3.10.

Here, Plaintiff has evidenced a lack of interest in participating in the prosecution of her claim. Not only has her counsel failed to participate in a case management conference, he has failed to appeared for hearings duly noticed by the court. He also has been duly warned that his failure to participate in the proceedings would result in a dismissal of the suit. At no point in the litigation has Plaintiff made any showing of good cause to justify counsel's failure to prosecute her claim. Further, the court can have no confidence that another order of the court directing the Plaintiff's participation will necessarily result in the advancement of this cause. Thus, Plaintiff's case is one of the rare cases calling for the ultimate sanction of dismissal for failure to prosecute. To recommend otherwise would unnecessarily extend the

financial burden on the Defendant and inappropriately approve of Plaintiff's conduct.

Accordingly, I RECOMMEND that Plaintiff's case be dismissed.

                                                   Respectfully submitted on this
                                                   14th day of November 2012.

                                                 THOMAS B. McCOUN III
                                                 UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
United States District Judge
Counsel of Record