UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE: | ) | **MDL Docket No.: 1626** |
| ACCUTANE PRODUCTS LIABILTY | ) | LEAD CASE NO.: |
| | ) | 8:04-MD-2523-T-30TBM |
| JENNIFER SCHMELTZ, | ) | |
| Plaintiff, | ) | **8:13-CV-361-T-30TBM** |
| v. | ) | |
| HOFFMAN-LAROCHE, INC., ROCHE LABORATORIES, INC., and WOLTERS KLUWER HEALTH, INC., | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff by and through her attorneys Patberg, Camody & Ging, P.C. and Rolf L. Patberg and files the foregoing Amended Complaint in Civil Action and avers as follows:

1.      The Plaintiff Jennifer Schmeltz is an adult individual currently residing at 34 Observatory Street Manor, Westmoreland County, Pennsylvania 15665.

2.      Defendant Hoffman-Laroche, Inc. is a corporation trading and doing business at 340 Kingsland Street, Nutley, New Jersey 07110.

3.      Defendant Roche Laboratories, Inc. is a corporation trading and doing business at 340 Kingsland Street, Nutley, New Jersey 07110.

1

4.     Defendant Wolters Kluwer Health, Inc. ("Wolters") is a corporation organized under the laws of the state of Delaware, which has its principal place of business located at 530 Walnut Street, 8 East, Philadelphia, Pennsylvania.

5.     Upon information and belief, Defendant Wolters is subject to suit in the State of Pennsylvania because, presently and at all times material to this action, Wolters maintains its principal place of business in Pennsylvania, regularly conducts business in the state of Pennsylvania, receives substantial revenues from the state of Pennsylvania, and sells and performs products and services in the state of Pennsylvania.

6.     Upon information and belief, at all times relevant hereto, Wolters was in the business of creating, compiling, designing, drafting, distributing, evaluating, analyzing and marketing prescription drug information, warnings and monographs.  The information, warnings and monographs were intended by Wolters to be provided directly to consumers by their pharmacists for the purpose of warning consumers about the risks and side effects of the drugs, including Accutane, which the consumer was ingesting.

7.     Upon information and belief, Wolters voluntarily or for consideration, undertook to create, disseminate and publish warnings and instructional information on drugs, including for the drug Accutane.  The warning and instructional information prepared by Wolters were placed in the form of a monograph that was intended to reach pharmacy customers.  The monographs prepared by Wolters are marketed as enhancing patient safety and reducing adverse drug events by providing comprehensive, authoritative and unbiased presentation of drug information.

8.     Upon information and belief, at the time that Plaintiff filled her prescription for Accutane, Plaintiff was provided a printed monograph containing information regarding the drug

2

Accutane. The substance of the monograph provided to Plaintiff with the Accutane prescription was prepared, created, published distributed and supplied, directly or indirectly, by Wolters.

9.      Having undertaken to instruct, advise and warn consumers regarding the dangers and risks of using Accutane, Wolters has a duty to provide truthful, accurate, useful, appropriate and complete information and warnings in the written Accutane drug package inserts, patient drug information forms, counseling, warning, or literature that it created, wrote, edited, provided, and made available for the ultimate purpose of informing consumers including the Plaintiff.

10.     Wolters, directly or indirectly, negligently and/or defectively, created, designed, supplied, packaged, distributed, promoted, and marketed prescription drug information, warnings and monographs that were unsuitable for their intended purpose of warning consumers about the risks and side effects of Accutane.

11.     Wolters had actual and/or constructive knowledge that pharmacists, medical professionals, and consumers, such as Plaintiff, would rely upon the information and warnings disseminated in their patient education monograph ("PEM") for Accutane, and that many patients, in accordance with their prescription and PEM, would be likely to ingest Accutane.

12.     Wolters knew, or should have known, that the incomplete, inaccurate and misleading warning and information it supplied to consumers such as Plaintiff regarding the drug Accutane created an unreasonable risk of injury.

13.     Wolters promotes itself as an unbiased supplier of up-to-date scientific drug information. It claims that its drug database and information reduces adverse drug events. Wolters also touts the monographs it provides as being comprehensive, authoritative and unbiased presentations of key drug information to consumers and patients. In truth, Wolters failed to properly perform the independent monitoring, analysis, and evaluation that was

3

necessary to provide the complete and unbiased information to consumers that it undertook to provide and claimed to be providing.

14.     The above captioned matter is a products liability action arising from Jennifer Schmeltz ingestion of the drug Accutane which eventually resulted the development of Crohn's Disease.  Crohn's Disease is an inflammatory bowel disease in which the digestive tract becomes inflamed.  It can spread into the deep tissue and eventually result in a bowel infection.  It can be life-threatening.

15.     The brand name maker and developer of Accutane is F. Hoffman-Laroche, Ltd.

16.     The F. Hoffman-Laroche, Ltd. patent expired in 2002.   Jennifer Schmeltz consumed Accutane in the year 2000 for approximately four (4) months and, therefore, is consuming the brand name Accutane manufactured by F. Hoffman-Laroche, Ltd.

17.     Defendant, Roche Holding, Ltd., a foreign corporation, is a joint-stock company with its registered office in Base, Switzerland, whose purpose is to hold shares in companies that manufacture pharmaceutical and other products.  Defendant, Roche Holding, Ltd., is and was the parent corporation of Defendant, F. Hoffman-Laroche, Ltd. a foreign corporation, which also has its corporate headquarters in Basel, Switzerland.  Defendants, Hoffman-Laroche, Inc. and Roche Laboratories, Inc., are wholly owned subsidiaries of Defendant Roche Holding, Ltd. and/or F. Hoffman-Laroche, Ltd.  Collectively, Plaintiff refers to the umbrella of companies controlled and owned by Defendants, Roche Holding, Ltd. and/or F. Hoffman-Laroche, Ltd., as the "Roche Group".

18.     The Roche Group was at all relevant times authorized to conduct business in the Commonwealth of Pennsylvania in the County of Westmoreland and did so accordingly.

19.     At all relevant times, Defendants, thought its agents, apparent agents, servants, and employees was the designer, manufacturer, developer, marketer, promoter, distributor, and seller of the pharmaceutical drug Accutane, also known as Roaccutane, and generically known as "isotretinoin."   The Swiss Defendants are the principals of the United States Defendants and ultimately control the activities of the United States Defendants and are the parent company of the United States Defendants.

20.     The Roche Group presents its sales and profits to the public on a unified worldwide basis.   The Roche Group present themselves as a highly integrated single entity, releasing one unified set of financial statements and representing itself as one unit in obtaining drug approval and in medical research and development.   The Roche Group does not differentiate by entity, but instead refer to internal divisions that cut across entity lines.   The Roche Group produces a single Core Data Sheet, containing the single scientific and medical opinion of all the Roche Group entities with respect to Accutane.   Further, Accutane (or Roaccutane) is referred to in publications as a product of the Roche Group and the sole active ingredient for Accutane is distributed to all group affiliates from the Swiss Defendants.

21.     The Roche Group has one global e-mail system, one global standard operating procedures manual, and one global database to which all Accutane adverse effects are reported. The Swiss Defendants have significant input and are actively involved in the labeling of the regulatory and scientific matter relating to the sale of Accutane by affiliated U.S. companies and thus are involved in doing business in Pennsylvania, and subject to the jurisdiction in Pennsylvania.

22.     Defendants, either directly or through its agents, apparent agents, servants or employees at all relevant times sold, distributed, and marketed Accutane in the Commonwealth of Pennsylvania.

23.     The Defendants derive substantial revenue from pharmaceutical products used or consumed in the Commonwealth of Pennsylvania.

24.     The Defendants expected, or should have expected, that its business activities could or would have consequences within Commonwealth of Pennsylvania.

25.     Defendants placed Accutane into the stream of worldwide commerce and interstate commerce in the United States.  It did so without adequate testing and with no warning that the drug carried with it a risk of inflammatory bowel disease or Crohn's Disease and other complications.

26.     Plaintiff needs continued medical monitoring to prevent and/or mitigate future onset of Crohn's Disease and its complications and the complications which have already manifested themselves.

27.     Defendants, either directly or through its agents, apparent agents servants or employees designed, manufactured, marketed, advertised, distributed and sold Accutane primarily for the treatment of acne.

28.     As a result of the defective nature of Accutane, persons who were prescribed and ingested Accutane, including Plaintiff Jennifer Schmeltz, have suffered and may continue to suffer severe and permanent personal injuries.

29.     Defendants concealed and continue to conceal their knowledge of Accutane's unreasonably dangerous risks from Plaintiff Jennifer Schmeltz, other consumers and the medical community.

6

30.     Defendants failed to conduct adequate and sufficient post-marketing surveillance of Accutane after it began marketing, advertising, distributing, and selling the drug.

31.     As a result of the Defendants' actions and inaction, Plaintiff Jennifer Schmeltz was injured due to her ingestion of Accutane, which has caused and will continue to cause Plaintiff's various and damages.

32.     Plaintiff accordingly seeks compensatory damages.

33.     At all times material hereto, Defendants, Hoffman-Laroche, Inc., and/or Roche Laboratories, Inc. engaged in business in the Commonwealth of Pennsylvania throughout the United States, and developed, manufactured, distributed, promoted, marketed, and/or sold in interstate commerce, the drug Accutane, also known as Roaccutane and generically known as "isotretinoin".

34.     Defendants, Hoffman-Laroche, Inc. and/or Roche Laboratories, Inc. directly or indirectly, negligently and/or defectively made, created, manufactured, assembled, designed, tested, labeled, supplied, packaged, distributed, marketed, advertised, warned, and/or sold, in this state and throughout the United States, the drug Accutane.  These actions are under the ultimate control and supervision of the Swiss Defendants.

35.     Defendants, Hoffman-Laroche, Inc. and/or Roche Laboratories, Inc., had control of the design, assembly, packaging, marketing, advertising, manufacturing, labeling, testing, promoting, distribution and/or sale of the drug Accutane.

36.     At all times material hereto, the Defendants either knew or should have known that the drug Accutane was causally related to and associated with severe and life threatening complications and side effects.

37.     Although Defendants knew or should have known that dangerous risks were associated with the use of Accutane, Defendants proceeded to manufacture, distribute, sell, market, and/or permitted the drug to be advertised, promoted, and/or sold without adequate warnings of the serious side effects and dangerous risks.

38.     Consumers, including Plaintiff Jennifer Schmeltz, who have used Accutane for treatment of acne, have several alternative safer products available to treat the conditions.

39.     Defendants knew of the significant risk of Crohn's Disease and other complications caused by the ingestion of Accutane, but Defendants did not adequately and sufficiently warn consumers, including Plaintiff Jennifer Schmeltz, or the medical community, of such risks.

40.     As a direct result, Plaintiff Jennifer Schmeltz was prescribed Accutane and has been permanently and severely injured, having suffered serious consequences from the ingestion of Accutane.  Plaintiff Jennifer Schmeltz requires and will in the future require ongoing medical care and treatment.

41.     Plaintiff Jennifer Schmeltz has suffered from mental anguish from the knowledge that Plaintiff will have permanent injuries as a result of the injuries Plaintiff sustained from the use of Accutane.

42.     Plaintiff Jennifer Schmeltz was prescribed and began taking Accutane in 2000.

43.     Plaintiff Jennifer Schmeltz used Accutane as prescribed and in a foreseeable manner.

44.     As a direct and proximate result of using Accutane, Plaintiff was diagnosed with Crohn's Disease.

45.     Plaintiff, as a direct and proximate result of using Accutane, suffered severe mental and physical pain and suffering and has sustained permanent injuries and emotional distress.

46.     Plaintiff used Accutane which had been provided to her in a condition that was substantially the same as the condition in which it was manufactured and sold.

47.     Plaintiff would not have used Accutane had Defendants properly disclosed the risks associated with the drug.  Alternatively, Plaintiff would have known the precursor events of Crohn's Disease and would have been able to avoid the clinical manifestation of the symptoms as they currently exist.

48.     Defendants, through its affirmative misrepresentations and omissions, actively concealed from Plaintiff and her physicians the true and significant risks associated with taking Accutane.  The running of any applicable statute of limitations has been tolled by reason of Defendants' fraudulent concealment.  Plaintiff was not diagnosed with Crohn's Disease until October 22, 2010.

49.     As a result of Defendants' actions, Plaintiff and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiff had been exposed to the risks identified in this complaint, and that those risks were the direct and proximate result of Defendants' acts, omissions, and misrepresentations.

## COUNT I

## NEGLIGENCE

50.     Plaintiff incorporates paragraphs 1 through 49 as if the same or set forth here at length.

9

51.     Defendants owed Plaintiff, Jennifer Schmeltz, and other consumers, a duty to exercise reasonable care when designing, manufacturing, marketing, advertising, distributing, and selling Accutane, also known as Roaccutane and generically known as "isotretinoin."

52.     Defendants failed to exercise due care under the circumstances and therefore breached this duty by:

a)     failing to properly and thoroughly test Accutane before releasing the drug to market;

b)     failing to properly and thoroughly analyze the data resulting from the pre-marketing tests of Accutane;

c)     failing to conduct sufficient post-market testing and surveillance of Accutane;

d)     designing, manufacturing, marketing, advertising, distributing, and selling Accutane to consumers, including Plaintiff, without an adequate warning of the significant and dangerous risks of Accutane and without proper instructions to avoid the harm which could foreseeably occur as a result of using the drug;

e)     failing to exercise due care when advertising and promoting Accutane; and

f)     negligently continuing to manufacture, market, advertise, and distribute Accutane after Defendants know or should have known of its adverse effects.

53.     As a direct and proximate consequence of the Defendants' actions, omissions and misrepresentations, Plaintiff Jennifer Schmeltz was diagnosed with Crohn's Disease.    In addition, Plaintiff required and will continue to require healthcare and services.   Plaintiff has incurred and will continue to incur medical and related expenses.   Plaintiff has also suffered and will continue to suffer diminished capacity for enjoyment of life, a diminished quality of life, and activation of latent conditions, and other losses and damages.   Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications,

and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering.

54.     Defendants' conduct as described above was committed knowing, conscious, wanton, willful and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendants and deter it from similar conduct in the future

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against the Defendants jointly and severally in the amount in excess of the arbitration limits for Westmoreland County, Pennsylvania.


## COUNT II

## PRODUCTS LIABILITY-DEFECTIVE DESIGN

55.     Plaintiff incorporates paragraphs 1 through 54 as if the same or set forth here at length.

56.     Defendants manufactured, sold, distributed, marketed, and/or supplied Accutane in a defective and unreasonably dangerous condition to consumers, including Plaintiff Jennifer Schmeltz.

57.     Defendants designed, manufactured, sold, distributed, supplied, marketed, and/or promoted Accutane, which was expected to reach and did in fact reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendants.

58.     Plaintiff used Accutane as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendants.

11

59.     Accutane failed to perform safely when used by ordinary consumers, including Plaintiff, including when it was used as intended and in a reasonably foreseeable manner.

60.     Accutane was defective in its design and was unreasonably dangerous in that its unforeseeable risks exceeded the benefits associated with its design or formulation.

61.     Accutane was defective in design or formulation in that it posed a greater likelihood of injury than other similar medications and was more dangerous than an ordinary consumer could reasonably foresee or anticipate.

62.     Accutane was defective in its design and was unreasonably dangerous in that it neither bore nor was packaged with nor accompanied by warnings adequate to alert consumers, including Plaintiff, of the risks described herein, including, but not limited to, the risk of inflammatory bowel disease and other complications, specifically, mega colon.

63.     Although Defendants knew or should have known of the defective nature of Accutane, it continued to design, manufacture, market and sell Accutane so as to maximize sales and profits at the expense of the public health and safety.  By so doing, Defendants acted with conscious and deliberate disregard of the foreseeable harm of Accutane.

64.     Plaintiff could not, through the exercise of the reasonable care, have discovered Accutane's defects or perceived the dangers posed by the drug.

65.     As a direct and proximate consequence of Defendants' conduct, Plaintiff Jennifer Schmeltz was diagnosed with Crohn's Disease.  In addition, Plaintiff required and will continue to require healthcare.  Plaintiff has incurred and will continue to incur medical and related expenses.  Plaintiff has also suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization,

physician care, monitoring treatment, medications and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering.

66.     Defendants' conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendants and deter it from similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against the Defendants jointly and severally in the amount in excess of the arbitration limits for Westmoreland County, Pennsylvania.

**COUNT III**

**PRODUCTS LIABILITY-FAILURE TO WARN**

67.     Plaintiff incorporates paragraphs 1 through 66 as if the same or set forth here at length.

68.     The pharmaceutical drug Accutane was defective and unreasonably dangerous when it left the possession of Defendants in that it contained warnings insufficient to alert consumers, including the Plaintiff herein, to the dangerous risks and reactions associated with the drug, including, but not limited to severe damage to the internal organs, inflammatory bowel disease, and other serious and life threatening side effects.

69.     Plaintiff used Accutane as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendants.

70.     Plaintiff could not have discovered any defect in the drug through the exercise of care.

13

71.    Defendants, as manufacturers and/or distributors of a prescription device, are held to the level of knowledge of an expert in the field.

72.    The warnings that were given by the Defendants were not accurate, clear, and/or were ambiguous.

73.    Defendants had a continuing duty to warn the Plaintiff of the dangers associated with the drug.

74.    As a direct and proximate consequence of Defendants' conduct, Plaintiff Jennifer Schmeltz was diagnosed with Crohn's Disease.  In addition, Plaintiff required and will continue to require healthcare.  Plaintiff has incurred and will continue to incur medical and related expenses.  Plaintiff also has suffered and will continue to suffer diminished capacity for enjoyment of life, a diminished quality of life, and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering.

75.    Defendants' conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendants and deter it from similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against the Defendants jointly and severally in the amount in excess of the arbitration limits for Westmoreland County, Pennsylvania.

14

## COUNT IV

### BREACH OF EXPRESS WARRANTY

76.     Plaintiff incorporates paragraphs 1 through 75 as if the same or set forth here at length.

77.     Defendants expressly represented to Jennifer Schmeltz and other consumers and the medical community that Accutane was safe and fit for its intended purposes, that it was of merchantable quality, that it did not produce any dangerous side effects, and that it was adequately tested.

78.     Accutane does not conform to Defendants' express representations because it is not safe, has numerous and serious side effects, and causes severe and permanent injuries.

79.     At all relevant times Accutane did not perform as safely as an ordinary consumer would expect, when used as intended or in a reasonably foreseeable manner.

80.     Plaintiff Jennifer Schmeltz, other consumers, and the medical community relied upon Defendants' express warranties.

81.     As a direct and proximate consequence of Defendants' conduct, Plaintiff Jennifer Schmeltz was diagnosed with Crohn's Disease.  In addition, Plaintiff required and will continue to require healthcare.   Plaintiff has incurred and will continue to incur medical and related expenses.   Plaintiff also has suffered and will continue to suffer diminished capacity for enjoyment of life, a diminished quality of life, and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering.

82.     Defendants' conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendants and deter it from similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against the Defendants jointly and severally in the amount in excess of the arbitration limits for Westmoreland County, Pennsylvania.

## COUNT V

## BREACH OF IMPLIED WARRANTY

83.     Plaintiff incorporates paragraphs 1 through 82 as if the same or set forth here at length.

84.     Defendants manufactured, distributed, advertised, promoted and sold Accutane.

85.     At all relevant times, Defendants knew of the use for which Accutane was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

86.     Defendants were aware that consumers, including Plaintiff Jennifer Schmeltz would use Accutane for treatment of acne and for other purposes.

87.     Plaintiff and the medical community reasonably relied upon the judgment and sensibility of Defendants to sell Accutane only if it was indeed of merchantable quality and safe and fit for its intended use.

88.     Defendants breached their implied warranty to consumers, including Plaintiff, Accutane was not of merchantable quality or safe and fit for its intended use.

16

89.     Consumers, including Plaintiff, and the medical community, reasonably relied upon Defendants' implied warranty for Accutane.

90.     Accutane reached consumers without substantial change in the condition in which it was manufactured and sold by Defendants.

91.     As a direct and proximate consequence of Defendants' conduct, Plaintiff Jennifer Schmeltz was diagnosed with Crohn's Disease.  In addition, Plaintiff required and will continue to require healthcare.  Plaintiff has incurred and will continue to incur medical and related expenses.  Plaintiff also has suffered and will continue to suffer diminished capacity for enjoyment of life, a diminished quality of life, and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering.

92.     Defendants' conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendants and deter it from similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against the Defendants jointly and severally in the amount in excess of the arbitration limits for Westmoreland County, Pennsylvania.

## COUNT VI

## FRAUDULENT MISREPRESENTATIONS

93.     Plaintiff incorporates paragraphs 1 through 92 as if the same or set forth here at length.

17

94.     Defendants made fraudulent misrepresentations with respect to Accutane in the following particulars:

a)      Defendants represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that Accutane had been tested and found to be safe and effective for the treatment of pain and inflammation; and

b)      Defendants represented that Accutane was safer than other alternative medications.

95.     Defendants knew that its representations were false, yet willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of Accutane to consumers, including Plaintiff, and the medical community.

96.     The representations were made by Defendants with the intent that doctors and patients, including Plaintiff, rely upon them.

97.     Defendants' representations were made with the intent of defrauding and deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of Accutane.

98.     Plaintiff's doctors and others relied upon the representations.

99.     Defendants' fraudulent representations evinced its callous, reckless, willful, and depraved indifference to the health, safety and welfare of consumers, including Plaintiff.

100.    As a direct and proximate consequence of Defendants' conduct, Plaintiff Jennifer Schmeltz was diagnosed with Crohn's Disease.  In addition, Plaintiff required and will continue to require healthcare.   Plaintiff has incurred and will continue to incur medical and related expenses.   Plaintiff also has suffered and will continue to suffer diminished capacity for enjoyment of life, a diminished quality of life, and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization,

physician care, monitoring, treatment, medications and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering.

101.    Defendants' conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendants and deter it from similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against the Defendants jointly and severally in the amount in excess of the arbitration limits for Westmoreland County, Pennsylvania.

## COUNT VII

## FRAUDULENT CONCEALMENT

102.    Plaintiff incorporates paragraphs 1 through 101 as if the same or set forth here at length.

103.    Defendants fraudulently concealed information with respect to the Accutane in the following particulars:

a)      Defendants represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that Accutane was safe and fraudulently withheld and concealed information about the substantial risks of using Accutane; and

b)      Defendants represented that Accutane was safer than other alternative medications and fraudulently concealed information which demonstrated that Accutane was not safer than alternatives available on the market.

104.    Defendants had sole access to material facts concerning the dangers and unreasonable risks of Accutane.

105.    The concealment of information by Defendants about the risks of Accutane was intentional and the representations made by Defendants were known to Defendants to be false.

106.     The concealment of information and the misrepresentations about Accutane were made by Defendants with the intent that doctors and patients, including Plaintiff, rely upon them.

107.     Plaintiff's doctors, and others relied upon the representations and were unaware of the substantial risk of inflammatory bowel disease and other complications, specifically, Crohn's Disease, of Accutane which Defendants concealed from Plaintiff's doctors and Plaintiff.

108.     As a direct and proximate consequence of Defendants' conduct, Plaintiff Jennifer Schmeltz was diagnosed with Crohn's Disease.  In addition, Plaintiff required and will continue to require healthcare.  Plaintiff has incurred and will continue to incur medical and related expenses.  Plaintiff also has suffered and will continue to suffer diminished capacity for enjoyment of life, a diminished quality of life, and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering.

109.     Defendants' conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendants and deter it from similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against the Defendants jointly and severally in the amount in excess of the arbitration limits for Westmoreland County, Pennsylvania.

## DAMAGES AND REQUEST FOR PUNITIVE DAMAGES

110.     Plaintiff incorporates paragraphs 1 through 109 as if the same or set forth here at length.

111.    Defendants have repeatedly engaged in a pattern of conduct of deliberately avoiding FDA recommendations as which warnings relating to public hazards should be warned about.

112.    Although Defendants knew or recklessly disregarded the fact that Accutane causes debilitating and potentially lethal side effects, Defendants continued to market Accutane to consumers, including Plaintiff, without disclosing these side effects when there was safer alternative methods for treating acne.

113.    Defendants knew of Accutane's defective nature, as set forth herein, but continued to design, manufacture, market, and sell it so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious and/or negligent disregard of the foreseeable harm caused by Accutane.

114.    Defendants intentionally concealed or recklessly failed to disclose to the public, including Plaintiff, the potentially life-threatening side effects of Accutane to ensure their continued and increased sales.  Defendant failed to provide warnings that would have dissuaded physicians from prescribing Accutane and consumers from purchasing and consuming Accutane, thus depriving physicians and consumers from weighing the true risks against the benefits of prescribing and/or purchasing and consuming.

115.    Defendants' conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendants and deter it from similar conduct in the future.

WHEREFORE, Plaintiff, pray for judgment against Defendant as follows:

1.      For general damages in the amount to be proven at the time of trial;

2.      For specific damages in the amount to be proven at the time of trial;

3.      For exemplary and punitive damages in an amount to be proven at the time of trial, and sufficient to punish Defendants or to deter Defendants and others from repeating the injurious conduct alleged herein;

4.      For pre-judgment and post-judgment interest on the above general and special damages;

5.      For costs of this suit and attorney's fees; and

6.      All other relief that Plaintiff may be entitled to at equity or at law.


RESPECTFULLY SUBMITTED:

PATBERG, CARMODY & GING

DATE: February 12, 2013          By:     /s/ Rolf Louis Patberg
                                         Rolf Louis Patberg, Esquire
                                         PA I.D. No.:  65185

                                         Patberg, Carmody & Ging
                                         Deutschtown Center
                                         801 Vinial Street – 3rd Floor
                                         Pittsburgh, PA  15212
                                         (412) 232-3500

                                         Attorney for Plaintiff.

**JURY TRIAL DEMANDED**

22

## CERTIFICATE OF SERVICE

I, Rolf Louis Patberg, Esquire, hereby certify that a true and correct copy of the foregoing Amended Complaint in Civil Action was forwarded this 12th day of February 2013, via ECF notification to the following:

Ernest Koschineg, Esquire
Kent & McBride, P.C.
1617 JFK Boulevard, Suite 1200
Philadelphia, PA 19103

I, Rolf Louis Parberg, Esquire, hereby certify that a true and correct copy of the foregoing Amended Complaint in Civil Action was forwarded this 12th day of February 2013, via U.S. Certified Mail to the following:

Stephen J. Finley, Esquire
Gibbons, P.C.
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103-2769

/s/ Rolf Louis Patberg
Rolf Louis Patberg, Esquire